**ABRAMS et al. v. ROSS' ESTATE et al.***
(No. 420-3781.)

(Commission of Appeals of Texas, Section A.
May 9, 1923.)

1. **Wills** ⚮263—**Applicant for probate of will
need not name nor serve notice on persons
adversely interested.**

An applicant for the probate of a will under
Rev. St. art. 3262, is not required to name in
his petition the persons, if any, adversely in-
terested, nor to serve them with any kind of
notice.

2. **Wills** ⚮220—**Contestants may plead titles
to property of decedent in alternative, and,
if showing interest in estate, in absence of
probate, they are entitled to contest.**

Where contestants in a will case claimed
title to the property of decedent under an ex-
ecution sale, and also under deed from a devi-
see, they may plead both titles in the alterna-
tive, and, if either title shows any interest in
them in the estate in the absence of the pro-
bate of the will, they are entitled to contest the
probate.

3. **Wills** ⚮220—**Interest of contestants un-
der deed held sufficient to entitle them to
contest probate of will.**

On the contest of a will for probate, where-
in contestants claimed title to the land under
deed from a sole devisee of one who in turn was
sole heir of decedent, their interest under the
deed was such an interest as to entitle them to
contest the probate of the will.

4. **Wills** ⚮288(1)—**Contestants must prove
interest in property of decedent to sustain
their contest.**

Proponents of a will are not concluded by
allegations on the part of contestants as to the
interest of contestants in the property of dece-
dent, but they may by timely demand put con-
testants on proof of the facts alleged.

5. **Wills** ⚮203—**Will "presented for probate"
when filed in proper court with sufficient ap-
plication for probate as required by law.**

A will is presented for probate when it is
filed in the proper court, together with suffi-
cient application for its probate as required by
law, and remains presented for probate so long
as the proceeding so instituted is entitled to
recognition as a pending proceeding; the bur-
den resting upon proponents to prosecute the
proceeding with reasonable diligence.

6. **Wills** ⚮261—**Delay of 44 years in bringing
proceeding for probate of will to trial held to
show its abandonment.**

A delay of more than 44 years from an or-
der of continuance in a proceeding to probate a
will *held* such a lapse of time as would jus-
tify a conclusive presumption that the proceed-
ing had been abandoned.

7. **Wills** ⚮230—**Estoppel of interested party
to have a will probated no bar to action by
other interested parties.**

The right of the respective parties interest-
ed in the will to have the will probated as au-
thorized by Rev. St. art. 3262, is several, and
the fact that one such party may have so acted
as to estop him from having the will probated is
no bar to an action to probate the same by
another interested party not personally in de-
fault.

8. **Wills** ⚮217—**Amendment of petition for
probate of will held, in effect, a new applica-
tion.**

Where a will was offered for probate, and
thereafter the original application was amend-
ed, filed in the original cause, and given the
original file number, held not to deprive peti-
tioner therein of the right to have it considered
also as a new application again presenting the
will for probate; so long a time having elapsed
since the original application as to show its
abandonment.

9. **Wills** ⚮288(1)—**Burden of showing dili-
gence in presenting will for probate rests up-
on proponents.**

Where presentation of a will for probate
had been delayed for 44 years, the burden rest-
ed on the proponents to show affirmatively that
they were not in default in not sooner present-
ing the will for probate.

Error to Court of Civil Appeals of Fourth
Supreme Judicial District.

Application by Harriet Tennille Griffin and
others to probate the will of Sarah Ross, de-
ceased, opposed by W. H. Abrams and others.
Judgment dismissing the application was re-
versed, and the case remanded, by the Court
of Civil Appeals (239 S. W. 705), and contest-
ants bring error. Judgment of the Court of
Civil Appeals affirmed with directions, as
recommended by the Commission of Appeals.

Phillips & Townsend, of Dallas, for plain-
tiffs in error.

W. T. Miller, of Gonzales, and Wilson &
Woodul and Baker, Botts, Parker & Garwood,
all of Houston, for plaintiff in error Tex-
as Co.

Stephen Pinckney, of Austin, and David
Picton, Jr., of Houston, for plaintiffs in er-
ror Hogg and others.

Rainbolt & Midkiff, of Gonzales, and Oliver
J. Todd, of Beaumont, for defendants in er-
ror.

GALLAGHER, P. J. This case involves an
appeal from the judgment of the district
court of Gonzales county sustaining a plea
in abatement and a general demurrer to an
application to probate the will of Sarah Ross,
deceased. The facts here stated are taken
from the pleadings of the parties, no evi-
dence having been introduced except on the
issue of abandonment, which evidence will be
recited in connection with our discussion of
that issue.

George Tennille and his wife, Sarah Ten-
nille, owned a league of land in Brazoria coun-
ty, Tex., and the same was community prop-
erty. During the lifetime of George Tennille
2,250 acres of said league was levied upon

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 20, 1923.

and sold under execution. He died in 1850, and thereafter his widow married one Ross. She died in 1872 in Gonzales county. George C. Tennille, her only child, who was also the only child of her deceased husband, survived her. He took charge of her estate, and claimed and held it as his own. He died in 1874, leaving his wife, Amanda J. Tennille, and six children surviving him. The ages of these children are not shown. Sarah Ross left a will by the terms of which she bequeathed to her said son, George C. Tennille, his indebtedness to her, to his wife Amanda J. Tennille, certain personal property and certain real estate not apparently involved in this controversy, and to her said six grandchildren, the children of said George C. Tennille and Amanda J. Tennille, the remainder of her estate, both personal and real, which included any and all her community interest at the time in said league of land in Brazoria county. No attempt to probate this will during the lifetime of George C. Tennille is shown. He left a will in which he devised all his real estate to his son, Tom C. Tennille. There is some uncertainty and confusion in the pleadings of the respective parties concerning the date of the probate of the will of George C. Tennille, and concerning who caused it to be probated. Proponents alleged that the same was probated at the instance of W. H. Abrams, one of the contestants, in 1920, and that such probate made it necessary for them to attempt to probate the said will of Sarah Ross. Contestants alleged that said will was probated, and that Thomas C. Tennille claiming the Brazoria county lands thereunder, caused the same to be recorded in said county about the year 1904. In 1875, after the death of George C. Tennille, J. H. Clements, the husband of one of the legatees under the will of Sarah Ross, deceased, filed said will, together with his application for the probate of the same, in the probate court of Gonzales county. He caused a proper notice of said application, returnable on the fourth Monday in September, 1875, to be issued and posted as provided by law. The deposition of a witness to said will was taken about that time and returned into court. On September 22, 1876, the minutes of said court showed that said cause was continued.

On the 17th day of January, 1921, Harriet Tennille Griffin, and others, purporting to be all the surviving legatees under the will of Sarah Ross and all the descendants of the deceased legatees thereunder, filed in said original cause in said probate court an amended application to probate said will of Sarah Ross. Said amended application recited in full the entire proceedings in connection with the original application to probate said will. In addition to said recitals, it contained all the statutory requirements of a new application, including allegations tending to show that the proponents were not in default in not sooner urging the probate of said will, and charging that its probate was rendered necessary by the acts of said W. H. Abrams in the year 1920, and that such acts were without their consent and over their protest. Notice of this amended application was issued and published as provided by law, and also posted as required by law in force at the time the original application was filed.

In due time W. H. Abrams and others filed a plea in abatement of said entire proceedings, a general demurrer thereto, and a plea contesting the probate of said will. To show that they were interested in the estate of Sarah Ross they alleged that they all claimed under the purchaser at the execution sale of said 2,250 acres of said league referred to above. Abrams and two others of the same name claimed 255 acres of said tract under a conveyance direct from the purchaser at said execution sale. Will C. Hogg, and the other contestants, claimed the remainder of said tract under successive conveyances from said original purchaser to them. They also claimed the remainder of said tract under successive conveyances from Tom C. Tennille, grandson of said Sarah Ross, and sole legatee of the land under the will of his father, George C. Tennille. The deed of said Tom C. Tennille to the predecessor in title of said contestants was dated June 29, 1904, and purported to convey all his interest in the entire league except a specific 100 acres. Contestants alleged that they claimed said lands under purchase in good faith for a valuable consideration, without any notice of said will of Sarah Ross.

Proponents moved the court to compel contestants to show by evidence their interest in the estate of Sarah Ross as a basis for recognition of their contest, and the court overruled such motion. The court then heard and considered contestants' plea in abatement and their general demurrer, and sustained both of the same, and dismissed the proceedings. Proponents appealed. The Court of Civil Appeals reversed the judgment, and remanded the cause, with instructions to the trial court to hear testimony not only as to the probate of said will, but also as to the question of contestants having such interest in said estate as would entitle them to contest such probate. 239 S. W. 705. Contestants applied for a writ of error, which was granted by the Supreme Court.

[1-4] The right to apply to the probate court for the probate of the will of a deceased person is given by law to the executor named therein, and also any person interested in the estate of the testator. R. S. art. 3262. The statute in force at the time the original application in this case was filed was the same in legal effect. Paschal's Digest, art. 5533. The applicant is not required to name in his petition the persons, if any, adversely interested, nor to serve them with

any kind of notice. Nothing of that sort is contemplated by our statutes. Obviously the burden is upon every person appearing to oppose the probate of a will to allege, and, if required, to prove, that he has some interest in the estate of the testator which will be affected by such will if admitted to probate. In the absence of such interest a contestant is a mere meddlesome intruder. Contestants in this case alleged that proponents denied the validity of their title under such execution sale, and pleaded, in addition thereto, their title under deed from Tom C. Tennille, sole devisee of George C. Tennille, who was in turn sole heir of Sarah Ross. They had a right to plead both their titles in the alternative. They were not required to rely upon one or the other. If either title pleaded showed in them any interest in the estate of Sarah Ross, in the absence of the probate of her will, they were entitled to contest such probate. We believe that their plea that they held under deed from Tom C. Tennille showed such interest. St. Mary's Orphans' Asylum v. Masterson, 57 Tex. Civ. App. 646, 122 S. W. 587, 590 (writ refused); Pena y Vidaurri's Estate v. Bruni (Tex. Civ. App.) 156 S. W. 315, 316; 40 Cyc. p. 1230. Proponents were, however, not concluded by such allegations alone. They had a right by timely demand to put contestants upon proof of the facts so alleged. They made this demand. The trial court erred in overruling their motion to require contestants to support their allegations of interest in the estate of Sarah Ross by proof. Newton v. Newton, 61 Tex. 511, 514.

Since the probate of the will of Sarah Ross was defeated by the opposition of parties who did not when demanded prove their rights to oppose such probate, the judgment of the Court of Civil Appeals reversing and remanding the cause must be affirmed. In view of another trial, we will, however, discuss some of the issues raised on this appeal.

Contestants filed a plea in abatement. In addition to the state of facts admitted by proponents by the allegations of their amended application it was agreed by the parties that no order of any kind was made in said cause after the entry of the order of continuance therein on September 22, 1876, and no action had therein until the filing by proponents of their first amended application on the 17th day of January, 1921. Contestants read in evidence a part of the deposition of J. H. Clements. He filed said will in the probate court in 1875, and was the sole petitioner in the original application for its probate filed at that time. The excerpt from his deposition so introduced in evidence is as follows:

"We agreed not to have any of them probated because we did not think there was enough in them. Thought if we did get tangled up the lawyers would get it all. There was not but little in them. Q. Who made that agreement? A. Oh, I think myself and the old lady. She was about all I ever talked to about this business. There was but little ever said. The children hardly ever mentioned this business. Q. When you say, 'We agreed not to have either will probated' you mean that you and Amanda Tennille, your mother-in-law, made the agreement? A. Yes. Q. Then you have always known that the Sarah Ross will was not probated, have you? A. Yes; I knew it was not probated."

No other evidence was submitted. The court sustained the plea and dismissed the cause.

The law in force at the time of the filing of the original application in this case provided that, when a decedent left a will, administration was commenced by application for the probate of such will and for letters. It also provided that before letters testamentary could be granted by the court it must appear that four years had not elapsed since the death of the testator. It made it the duty of the court, when a will in which no executor was named was admitted to probate, to grant letters testamentary, with the will annexed, to the person who would have been entitled to receive them if the deceased had died intestate. The whole statute contemplated a speedy administration of the estate of the decedent. No specific provision was made for the probate of a will without the granting of letters testamentary, nor was any specific provision made for the probate of a will after the expiration of four years from the death of the testator. Paschal's Digest, arts. 5532, 5545–5547, 5550, 5743, et seq.

Article 3248 of our present statutes was added in the Revision of 1879, and has remained unchanged since that time. It reads as follows:

"No will shall be admitted to probate after the lapse of four years from the death of the testator, unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

[5, 6] Proponents contend that the will of Sarah Ross was "presented for probate" within four years from her death, and that such statute therefore interposed no bar to the probate of the same upon their amended application filed as aforesaid. We think a will is "presented for probate" when it is filed in the proper court, together with a sufficient application for its probate as required by law. It is presented for probate by the application. It remains presented for probate so long as the proceeding so instituted is entitled to recognition as a pending proceeding, and no longer. The burden rests upon one who institutes a proceeding in court to prose-

cute it with reasonable diligence. Long delay in bringing it to trial raises the presumption that it has been abandoned. More than 44 years had elapsed from the time the order of continuance, the last proceeding had in this cause, was entered on the minutes of the court until the amended application was filed. After the lapse of such period of time there is abundant authority for holding that abandonment of such proceeding should be conclusively presumed. Flanagan v. Smith, 21 Tex. 493; Punchard v. Delk, 77 Tex. 104, 13 S. W. 615; Portis v. Cummings, 14 Tex. 139; Bishop v. Fuller, 34 Misc. Rep. 813, 68 N. Y. Supp. 1131; Wilson v. Altemus, 2 Watts & S. (Pa.) 255, 260; Bank of Virginia v. Hall, 6 W. Va. 447, 449, 450; Myrick v. Selden, 36 Barb. (N. Y.) 15.

The issue of abandonment in this cause does not rest on presumption alone. It is supported by the affirmative and uncontradicted testimony quoted above. J. H. Clements was the sole petitioner in the original application. He says he agreed with the surviving wife of George C. Tennille that neither will should be probated. This agreement, we take it, referred to the will of Sarah Ross, and also to the will of George C. Tennille, who died prior to that time. The effect of omitting the probate of both these wills left the title to the interest of Sarah Ross in the Brazoria county land in all the children of George C. Tennille. The probate of the will of Sarah Ross would have placed the title to her interest in said lands in them. The result was the same in either event. We think that said will must be considered for the purposes of this case as having been presented for probate solely by the amended application for the probate thereof.

[7, 8] Contestants contend that such amended application must be considered solely as a pleading in the original cause which we have held abandoned, and that it was not entitled to be considered as a new application for the probate of said will. It is well settled in this state that the right of the respective parties interested in a will to have such will probated is several. The fact that one such party may have so acted as to estop himself from having such will probated is no bar to an action to probate the same by another interested party not personally in default. Orphans' Asylum v. Masterson, 57 Tex. Civ. App. 646, 122 S. W. 587, 590, 591 (writ refused). All the surviving legatees under said will, as well as the descendants of the deceased legatees thereunder, were petitioners in said amended application. They appeared therein for the first time. We do not think that the fact that such application purported to be an amendment of the original application, and was filed in the original cause and given the original file number, deprives the petitioners therein of the right to have it considered, also, as

a new application again presenting said will for probate. Osborn v. Younger (Tex. Com. App.) 235 S. W. 558, and authorities there cited. It contained all the technical requisites of a new application, and assumed the burden of attempting to excuse the default in failing to sooner present said will for probate. It is a fundamental principle in our system of jurisprudence to avoid duplication of suits. It was not necessary for proponents, in order to preserve and test their rights in the premises, to attempt to prosecute the old application for probate, and to also file and attempt to prosecute a new application for such probate. A litigant in an ordinary suit may by an amended petition abandon his original cause of action, and set up an entirely different one, or he may retain his original cause of action in an amended petition, and set up therein an additional one. Ballard v. Carmichael, 83 Tex. 355, 358, 18 S. W. 734.

[9] The burden rested on proponents to show affirmatively that they, or at least one of them, was not in default in not sooner presenting said will for probate. We do not think that any of the proponents can be considered personally in default within the meaning of our statute so long as he or she did not know of the existence of said will, provided such lack of knowledge was not, in view of all the facts and circumstances known to him or to her, the result of a failure to exercise ordinary care to discover whether Sarah Ross left a will. If any of the children of George C. Tennille, the immediate legatees under said will, knew or by the exercise of ordinary care could have known of the existence thereof, he or she was in default. If any such legatee afterwards died, such default would bar his or her descendants from any right to have such will probated. If it should be found that one or more of the deceased legatees were not personally in default, but that the descendants of such legatee or legatees knew or by the exercise of ordinary care could have known of the existence of such will, such descendants would, themselves, be in default. Michaelis v. Nance (Tex. Civ. App.) 184 S. W. 785, 786, et seq. (writ refused); Yeaman v. Galveston City Co., 106 Tex. 389, 426, 427, 167 S. W. 710, Ann. Cas. 1917E, 191; Rice v. Ward, 92 Tex. 704, 708, 709, 51 S. W. 844; Hand v. Errington (Tex. Com. App.) 248 S. W. 25. Upon another trial of the case, under proper pleadings, every fact and circumstance, relevant and competent under the rules of evidence, tending to put proponents on inquiry as to the existence of such will, or tending to excuse their lack of knowledge of its existence, may be shown.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause for a new trial be affirmed, but that

the court in such trial be governed by this opinion as far as applicable.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, with directions to the district court to be governed by the opinion of the Commission of Appeals on the trial of the case.