FADDOUL, GLASHEEN & VALLES, P.C., Sam Faddoul and Kevin Glasheen, Appellants,

v.

J. Roberto OAXACA, Byron Calderon, and Oaxaca & Calderon, A Partnership, Appellees.

No. 08–00–00475–CV.

Court of Appeals of Texas, El Paso.

March 1, 2001.

**210**

Angela Morrow Nickey, Ruben Robles, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, for appellants.

Ken Slavin, Brower & Slavin, El Paso, for appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an interlocutory appeal[1] from a declaratory action filed by Appellants, Faddoul, Glasheen & Valles, P.C. ("FG & V"), Sam Faddoul ("Faddoul"), and Kevin Glasheen ("Glasheen"). For the reasons stated, we dismiss the instant appeal for want of jurisdiction.

## I. SUMMARY OF THE EVIDENCE

Appellants filed suit against Appellees, J. Roberto Oaxaca ("Oaxaca"), Byron Calderon ("Calderon"), and Oaxaca and Calderon ("O & C"), for a declaration of the payment term, or percentage fee, due Appellees under an oral agreement between the parties to split attorneys' fees earned from representation of the plaintiffs in a lawsuit styled *Cruz v. The Atchison, Topeka and Santa Fe Railway Co., et al.*, Cause No. 94–8483 (the "Railroad Case") tried in the County Court of Law Number Four of El Paso County, Texas.[2] Appellees filed a counterclaim for fifty percent (50%) of the fees. Appellants filed the suit in Lubbock County and upon Appellees' motion, venue was transferred to El Paso County.

Appellees then filed a motion for temporary injunction requesting that Appellants deposit fifty percent (50%) of the attor-

---

1. Appellants also filed a petition for writ of mandamus in this cause. This Court denied the mandamus petition by judgment dated November 21, 2000. *See In re: Faddoul, Glasheen & Valles, P.C., Sam Faddoul and Kevin Glasheen,* No. 08–00–00516–CV.

2. The "Railroad Case" was appealed to this Court and eventually settled while on appeal to the Texas Supreme Court. *See The Atchison, Topeka and Santa Fe Railway Co., et al. v. Cruz,* 9 S.W.3d 173 (Tex.App.—El Paso 1999, pet. granted), *judgment vacated* December 21, 2000.

neys' fees from the litigation into the registry of the court. Appellants argued in their response to the motion for temporary injunction that the El Paso court no longer had jurisdiction over the issues because a suit against Appellees had been filed by some of the plaintiffs in the Railroad Case in Parmer County, Texas, thus investing the Parmer County court with exclusive jurisdiction. Appellants requested that the trial court dismiss the suit for lack of jurisdiction. After a hearing, the trial court granted Appellees' request for temporary injunction, which ordered Appellants to deposit fifty percent (50%) of the attorneys' fees from the litigation into the registry of the court, and denied Appellants' motion to dismiss. It is these rulings from which Appellants appeal.

## II. *DISCUSSION*

### A. Jurisdiction

A jurisdictional issue has been raised by Appellees which needs to be considered before proceeding to the merits of Appellants' interlocutory appeal. In Appellees' Cross Points One and Two, they maintain that this Court lacks jurisdiction (1) to consider the claim that another court has exclusive or dominant jurisdiction and (2) to hear the complaint about the trial court's order requiring funds be deposited into the court's registry. Appellants counter that this Court has authority to reverse the trial court's exercise of jurisdiction and direct the trial court to dismiss the underlying case.

■ First, Appellees argue that the order overruling Appellants' motion to dismiss or abate on the grounds that the Parmer County court has exclusive jurisdiction is not subject to interlocutory appeal under the Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2001). We

agree. Such determination is generally reviewed only on appeal from the final judgment in the case. *See, e.g., Browne v. Bear, Stearns & Co.,* 766 S.W.2d 823, 824 (Tex.App.—Dallas 1989, writ denied); *Coastal Oil & Gas Corp. v. Flores,* 908 S.W.2d 517, 518 (Tex.App.—San Antonio 1995, orig. proceeding). If the trial court overrules the motion to abate, that court becomes vested with dominant jurisdiction and the case will proceed to trial in that court. *See 4M Linen & Uniform Sup. Co. v. W.P. Ballard & Co.,* 793 S.W.2d 320, 322 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Furthermore, the party that filed the motion to abate may not appeal the order overruling abatement until after the trial on the merits. *See, e.g., Johnson v. Avery,* 414 S.W.2d 441, 443 (Tex.1966) (citing *Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221, 228 (1958) (orig.proceeding)).

Appellants point out that at least one other appellate court has held that while appeal of a temporary injunction does not imbue the court with jurisdiction to address interlocutory matters in addition to those specified in the Civil Practice and Remedies Code, to the extent that subject matter of a non-appealable interlocutory order may affect the validity of the appealable order, the non-appealable order may be considered. *See Letson v. Barnes,* 979 S.W.2d 414, 417 (Tex.App.—Amarillo 1998, pet. denied). Thus, Appellants argue that this Court has the authority to reverse the trial court's exercise of jurisdiction and direct the trial court to dismiss the underlying case because the denial of their motion to dismiss or abate affects the validity of the appealable order, the granting of the temporary injunction. We disagree and remain of the opinion that the motion to abate is reviewable on appeal after the case is terminated by a final judgment. *See Browne,* 766 S.W.2d at 824; *Coastal Oil & Gas Corp.,* 908 S.W.2d at 518. Appellees' Cross Point One is sustained.

In Cross–Point Two, Appellees argue that this Court lacks jurisdiction to hear the complaint about the trial court's preliminary order requiring funds be deposited in the court's registry. Appellees note that the first part of the temporary injunction issue by the trial court prevented Appellants from taking any action to delay or hinder the payment of the contingency attorneys' fees. The second part of the order required that the disputed portion of the contingency fee (50% of the net attorneys' fees) be deposited in the registry of the court after it was paid to Appellants. Prior to filing this appeal, Appellants deposited $2,707,863.32 with the registry of the trial court. Appellees argue that because Appellants have already deposited the funds, the first part of the temporary injunction order is moot. With regard to the second part of the order, Appellees argue that the portion of a temporary injunction order requiring the deposit of funds into the registry of the court is not injunctive relief and is, therefore, not subject to an interlocutory appeal. *See Diana Rivera & Associates, P.C. v. Calvillo*, 986 S.W.2d 795, 797–98 (Tex.App.—Corpus Christi 1999, pet. denied) (citing *McQuade v. E.D. Sys. Corp.*, 570 S.W.2d 33, 35 (Tex.Civ.App.—Dallas 1978, no writ)); *see also Furr v. Furr*, 346 S.W.2d 491, 495 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.) (an order directing payment of money into court, although entered on a motion for injunction, would not be deemed a temporary injunction from which an appeal would lie); *Alpha Petroleum Co. v. Dunn*, 60 S.W.2d 469, 471 (Tex.Civ.App.—Galveston 1933, writ dism'd) (orders to deposit money into the registry of the court cannot be characterized as appealable temporary injunctions). We agree.

As noted previously, the court's Temporary Injunction Order enjoined Appellants from directly or indirectly "transferring, spending, encumbering, or otherwise impairing 50% of the net attorneys' fees received by them under the contingency fee contracts related to [the] railroad litigation ... and from taking any action, directly or indirectly, that delays or hinders the payment of the net attorneys' fees due under the contingency fee contracts[.]" This is the injunctive portion of the order and because Appellants have deposited the funds in controversy with the registry of the court, there is no danger of Appellants violating this provision. Thus, this issue is moot. Appellate courts cannot review an injunction that is moot because such review would constitute an impermissible advisory opinion. *See Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. *See id.* A temporary injunction becomes moot when it becomes inoperative due to a change in status of the parties or the passage of time, or because it has expired. *See National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999) (citing *Parr v. Stockwell*, 159 Tex. 440, 322 S.W.2d 615, 616 (1959); *Texas Educ. Agency v. Dallas Indep. Sch. Dist.*, 797 S.W.2d 367, 369 (Tex.App.—Austin 1990, no writ)). Because the first part of the temporary injunction order is moot and the second part of the order, requiring the deposit of funds into the registry of the court, is not injunctive relief and not subject to an interlocutory appeal, we sustain Appellees' Cross–Point Two.

### B. Sanctions

In Cross–Point Three, Appellees seek sanctions against Appellants for filing a frivolous appeal under Texas Rules of Appellate Procedure 45 and 52.11. *See* Tex.R.App.P. 45, 52.11. If the court of appeals determines that an appeal is frivo-

lous, it may award each prevailing party just damages. *See* TEX.R.APP.P. 45. Appellate sanctions will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith. *See City of Houston v. Morua,* 982 S.W.2d 126, 131 (Tex.App.—Houston [1st Dist.] 1998, no writ) (relying on case law interpreting former TEX. R.APP.P. 84 to construe new Rule 45). In deciding whether to impose sanctions under Rule 45, we look at the record from the viewpoint of the advocate and determine whether it had reasonable grounds to believe the judgment should be reversed. *See James v. Hudgins,* 876 S.W.2d 418, 424 (Tex.App.—El Paso 1994, writ denied). The courts of appeals have recited four factors which tend to indicate that an appeal is frivolous: (1) the unexplained absence of a statement of facts; (2) the unexplained failure to file a motion for new trial when it is required to successfully assert factual sufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear at oral argument. *See In the Interest of S.R.M.,* 888 S.W.2d 267, 269 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Baw v. Baw,* 949 S.W.2d 764, 768 (Tex.App.—Dallas 1997, no writ); *James,* 876 S.W.2d at 424.

 Appellees argue that Appellants have no reasonable expectation that this Court would assume jurisdiction of the appeal based on the case law discussed in Cross–Points One and Two. While that may or may not be true, Appellants have written a very thorough brief, which includes a statement of facts, and counsel for Appellants did appear at oral argument. In applying the four factors and considering Appellants' response to the request for sanctions, we believe Appellants have demonstrated that the appeal is not frivolous.

Appellees also assert that Appellants filed this appeal, and the petition for writ of mandamus, as a delay tactic designed to preclude the trial court from proceeding with the scheduled trial. Appellees maintain that they are entitled to sanctions under Rule 52.11. *See* TEX.R.APP.P. 52.11. We note that trial was set for January 16, 2001, but pursuant to a Rule 11 Agreement of the parties, it was reset for May 1, 2001. Thus, regardless of Appellants' intent for filing this interlocutory appeal and the accompanying petition for writ of mandamus, the court is not precluded from proceeding with the trial based on this Court's disposition of this appeal. Therefore, we overrule Appellees' Cross Point Three and refuse to assess sanctions against Appellants.

We dismiss the instant appeal for want of jurisdiction and deny Appellees' request for sanctions.