# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00389-CV

**Lawrence Cranberg, Appellant**

**v.**

**Herbert Wilson and Judith Wilson, Appellees**

**FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY**
**NO. 79412, HONORABLE GUY S. HERMAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order dismissing a will contest for lack of standing. Dr. Lawrence Cranberg, appellant, contested the will of Lottie Irene Gradick. Appellant admitted at an evidentiary hearing that he was not an heir, devisee, spouse, or creditor of the estate and that he had no pecuniary interest in the estate. The probate court dismissed the will contest for lack of standing. We will affirm.

### Background

Decedent, Lottie Irene Gradick, died testate in May 2003 at age ninety-four in Travis County. Appellee Herbert C. Wilson, Jr. was named executor under the will and filed an application

to probate the will. Decedent was never married and had no children. The will made a bequest of ten thousand dollars to a church in Austin and the remainder was left to appellee Judith Wilson, the decedent's grandniece.

Appellant filed a contest to the will, which Mr. Wilson moved the court to dismiss for lack of standing. The probate court held an evidentiary hearing at which appellant testified that he was not an heir, devisee, spouse, or creditor of the estate and that he had no pecuniary interest in the estate. Appellant introduced an unsigned codicil to the will that purported to establish a scholarship fund for female students at Samford and Baylor Universities and asserted that decedent was considering an amendment to her will but was prevented by Mr. Wilson from further discussions with appellant concerning any changes. In May 2001, Mr. Wilson barred appellant from further contact with decedent through decedent's power of attorney. Appellant urged the probate court to grant him standing predicated on the "equitable principle that no one should be allowed to be unjustly enriched as a result of wrongful conduct." Specifically, appellant alleges that decedent's death was wrongful and was caused by the violation of decedent's rights under the "Rights of the Elderly." Tex. Hum. Res. Code Ann. § 102.003 (West 2003). Further, appellant alleges that decedent's funds were used to "confine her, and to intercept all visitors, phone calls and letters," and that this constituted the criminal offense of misapplication of fiduciary property. Tex. Pen. Code Ann. § 32.45 (West 2003). The probate court ruled that appellant was not a person interested in the estate and thus had no standing to file a contest. The court then dismissed the will contest and admitted the will to probate.

2

## ANALYSIS

**Standing**

To maintain an action, a party must have standing to litigate the matters in issue. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). When the standing of a will contestant is challenged, the burden of proof is on the contestant to present sufficient evidence to prove the existence of standing. *Womble v. Atkins*, 331 S.W.2d 294, 297 (Tex. 1960); *A & W Indus., Inc. v. Day*, 977 S.W.2d 738, 741 (Tex. App.—Fort Worth 1998, no pet.). The existence of standing is a question of law. *A & W Indus.*, 977 S.W.2d at 741. We review questions of law de novo. *Texas Dep't, of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

The probate code specifies in relevant part that "any person interested in an estate may . . . file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition ." Tex. Prob. Code Ann. § 10 (West 2003). "Persons interested" is defined as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered." *Id.* § 3(r) (West 2003).

At the evidentiary hearing held by the probate court, appellant testified (and has since reiterated in his brief) that he was neither related to nor a creditor of the decedent. Further, appellant testified that he would not receive any monetary benefit from the estate under the will or under the rules of descent and distribution were the will to be held invalid. Finally, appellant would not be a beneficiary under the codicil that appellant alleges decedent was considering signing. Accordingly, appellant is not an "interested person" as the term is defined by statute and therefore lacks standing to contest the will. *Id.*

3

Appellant urges, however, that we create a new, extra-statutory basis of standing to allow a will contest where failure to do so would allow "unjust enrichment as the result of wrongful conduct." *See* Johanson, S. M., *Texas Probate Code Ann.* § 41 (West 2002). Appellant seems to refer to a provision of the probate code that is narrowly tailored to prevent one "who is convicted and sentenced as a principal or accomplice in willfully bringing about the death of the insured" from collecting as a beneficiary on the insured decedent's policy. Tex. Prob. Code Ann. § 41(d) (West 2003).

Appellant claimed at the evidentiary hearing that decedent's death was wrongfully caused by appellees through their violation of decedent's rights under "The Rights of the Elderly" and their misappropriation of fiduciary property. Tex. Hum. Res. Code Ann. §102.003; Tex. Pen. Code Ann. § 32.45. There exists no evidence in the record beyond appellant's testimony to support any of these accusations, and even if there were, section 41(d) of the probate code only applies to those convicted and sentenced of having wrongfully caused the death of the decedent and only bars collection of insurance proceeds. Tex. Prob. Code Ann. § 41(d).

Nonetheless, if all of appellant's allegations were true and satisfied section 41(d) of the probate code, appellant would still not be an "interested party" under Texas law. "It is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein." *Womble*, 331 S.W.2d at 298. The only interest that grants standing to contest a will is a pecuniary one that will be affected by the probate or the defeat of the will. *Maurer v. Sayre*, 833 S.W.2d 680, 682 (Tex. App.—Fort Worth 1992, no writ). "In the absence of such interest a contestant is a mere meddlesome intruder." *Abrams v. Ross' Estate*, 250 S.W. 1019, 1021 (Tex.

4

Comm'n App. 1923, judgm't adopted). The burden is on the person contesting a will to allege, and if required, to prove that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, that will be impaired or benefitted, or in some manner materially affected, by the probate of the will. *Id.* In contrast, an interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient. *Id.* Appellant clearly does not fall within the class of persons granted standing to contest the decedent's will under existing Texas law. Tex. Prob. Code Ann. § 10. We decline his invitation to expand that class. Appellant's point of error is overruled.

**Sanctions**

Appellees filed a cross-point urging that this appeal is frivolous and seeking damages for attorney's fees and costs. *See* Tex. R. App. P. 45. "Appellate sanctions will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal . . . ." *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex. App.—El Paso 2001, no pet.); *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396-97 (Tex. App.—San Antonio 1999, no pet.). A showing of bad faith is not necessary to impose sanctions under rule 45. *Smith*, 51 S.W.3d at 381; *Compass Exploration, Inc. v. B-E Drilling Co.*, 60 S.W.3d 273, 279 (Tex. App.—Waco 2001, no pet.); *Mid-Continent Cas. Co.*, 2 S.W.3d at 396-97. *Contra Oaxaca*, 52 S.W.3d at 212. Our decision regarding the frivolous nature of the suit is guided by our assessment of the record from the perspective of appellant. *Oaxaca*, 52 S.W.3d at 213. We then determine whether reasonable grounds exist to believe that the judgment should be reversed. *Id.* Although appellant proceeded

5

*pro se*, he is held to the same standards as licensed attorneys. *Brown v. Texas Employment Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

The law governing this case is clear. Furthermore, appellant admitted that he lacked standing to contest the will according to the statute and that he was seeking a change to or an extension of the law. It is difficult, therefore, to conclude that appellant, under these circumstances, had "a reasonable expectation of reversal." Imposition of sanctions, however, is within our discretion. *Clopton v. Pak*, 66 S.W.3d 513, 517 (Tex. App.—Fort Worth 2001, pet. denied); *Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.). After reviewing the record and appellant's brief, we decline to impose sanctions in this case and overrule appellees' cross-point.

## CONCLUSION

Appellant does not fall into the limited class of persons entitled to contest a will under Texas law. The probate court's order dismissing the will contest is affirmed and appellees' cross-point is overruled.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: January 23, 2004

6