Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





LAMAR COUNTY ELECTRIC
COOPERATIVE ASSOCIATION AND
CAP ROCK ELECTRIC
COOPERATIVE, INC.,


 Appellants,


v.


RAYBURN COUNTRY ELECTRIC
COOPERATIVE, INC.,


 Appellee.

§


§


§


§


§


§



No. 08-01-00238-CV


Appeal from the


238th District Court


of Midland County, Texas


(TC#CV-42,814)

 M E M O R A N D U M OPINION



 This is an interlocutory appeal from the denial of Appellants', Lamar County Electric
Cooperative Association ("Lamar") and Cap Rock Electric Cooperative, Inc. ("Cap Rock"),
Motion to Dissolve Order Granting Temporary Injunction. For the reasons stated, we affirm.

I. SUMMARY OF THE EVIDENCE

 Appellee, Rayburn Country Electric Cooperative, Inc. ("Rayburn"), is a non-profit
corporation organized under the Texas Electric Cooperative Corporation Act. Rayburn
procures power through long-term power contracts with generators, and re-sells that power
at wholesale to its Member-cooperatives, who then provide that electricity to individual
consumers and businesses. Lamar is a Member-cooperative of Rayburn. Cap-Rock is a non-profit corporation organized under the Texas Electric Cooperative Corporation Act. 

 In October, 1999, Lamar and Cap Rock signed an agreement to combine. Rayburn
opposed the combination and argued there were contractual prohibitions on the proposed
combination stemming from several contracts, including a "First Refusal Agreement." In
November, 1999, Lamar filed a declaratory judgment action against Rayburn in Lamar
County, seeking to have the First Refusal Agreement declared unenforceable, or in the
alternative, requesting that the court construe the parties' rights and remedies under the First
Refusal Agreement. Rayburn then filed an original petition for temporary and permanent
injunctive relief against Lamar and Cap Rock in Midland County on December 7, 1999. 

 The Midland court granted Rayburn's request for a temporary restraining order
("TRO") and set the bond at $15,000. Rayburn posted the bond on December 8, 1999. On
December 9, 1999, the 6th Judicial District Court in Lamar County entered an order in which
it confirmed that Lamar County Electric Cooperative Association v. Rayburn Country
Electric Cooperative, Inc., et al., No. 67, 121, was properly filed in and would remain on the
docket of the District Court, despite the fact the District Clerk's office inadvertently placed
the County Court at Law designation on the suit. Also on December 9, 1999, Cap Rock filed
its "Motion to Transfer Venue and Subject Thereto Plea in Abatement, Motion to Dissolve
the Temporary Restraining Order, Motion to Deny Temporary Injunctive Relief, Plea in
Abatement, and Alternatively Motion to Increase Bond." On December 10, 1999, Lamar
filed its "Motion to Transfer Venue and Subject Thereto Plea in Abatement, Motion to Sever,
Motion to Dissolve the Temporary Restraining Order, Motion to Deny Temporary Injunctive
Relief, Plea in Abatement, and Alternatively Motion to Increase Bond." 

 On December 13, 1999, the Midland court denied Appellants' Pleas in Abatement and
Motions to Sever and refused to dissolve the TRO. On December 22, 1999, the Midland
court entered an Agreed Order Extending the Temporary Restraining Order in which he
ordered the TRO remain in effect until the conclusion of the hearing on Rayburn's
Application for Temporary Injunction and Appellants' Motion to Transfer Venue. The
hearing was set for January 27, 2000. The order noted that the bond previously posted by
Rayburn would remain in effect until further order of the court. Finally, the order stated that
by agreeing to the extension of the TRO, no party waived and all parties preserved any rights,
arguments, and relief that would otherwise be available to them if the injunction hearing had
gone forward as originally scheduled for December 21, 1999. 

 After the January 27, 2000 hearing, the Midland court entered its Agreed Order for
Temporary Injunction for the purpose of preserving the status quo pending final adjudication
of the issues. A trial date of June 19, 2000 was set and the order stated that it would not be
effective unless and until Rayburn executed and filed with the clerk a bond in the amount of
$15,000. In November, 2000, Lamar and Cap Rock moved to dissolve the Order Granting
Temporary Injunction because Rayburn never filed the required bond. Upon learning of the
motions to dissolve, Rayburn filed the required bond on November 27, 2000. The Midland
court denied Appellants' motion to dissolve. This interlocutory appeal follows. 

II. DISCUSSION


 Under Texas procedure, appeals are allowed only from final orders or judgments. 
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Unless a statute specifically
authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final
judgments. Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985)(orig.
proceeding). Section 51.014 of the Civil Practice and Remedies Code specifically allows
appeal of various interlocutory orders, including an order that "grants . . . a temporary
injunction . . . [.]" Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(4) (Vernon Supp. 2002).
Therefore, we have jurisdiction to consider this interlocutory appeal. (1)

 Appellants bring three issues on appeal. In Issue No. One, Appellants argue that the
court erred in refusing to abate because the court lacked jurisdiction due to a previously filed
case. Appellee argues, and we agree, that this issue may not be raised in an interlocutory
appeal. 

 In Faddoul, Glasheen & Valles, P.C. v. Oaxaca, this Court was faced with the same
issue. 52 S.W.3d 209 (Tex. App.--El Paso 2001, no pet.). Appellants took an interlocutory
appeal of a temporary injunction and attempted to assert an issue regarding the trial court's 
order overruling their motion to dismiss or abate on the grounds that another court had
exclusive jurisdiction. Id. at 211. We held that review of such an order was not subject to
interlocutory appeal under the Civil Practice and Remedies Code and that such an order was
generally reviewed only on appeal from the final judgment. Id. (citing Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (Vernon Supp. 2002); Browne v. Bear, Stearns & Co., 766
S.W.2d 823, 824 (Tex. App.--Dallas 1989, writ denied); Coastal Oil & Gas Corp. v. Flores,
908 S.W.2d 517, 518 (Tex. App.--San Antonio 1995, no writ)). Accordingly, Issue No. One
is overruled. 

 In Issue No. Two, Appellants assert that the trial court erred in refusing to grant
defendants' Motion to Dissolve Temporary Injunction due to Appellee's failure to file a
bond. Rule 684 of the Texas Rules of Civil Procedure provides: "In the order granting any
. . . temporary injunction, the court shall fix the amount of security to be given by the
applicant." Tex. R. Civ. P. 684. This rule has been strictly construed. Before a trial court
issues a temporary injunction, the applicant must execute a bond to the adverse party and file
the bond with the court clerk. Chambers v. Rosenberg, 916 S.W.2d 633, 634 (Tex. App.--Austin 1996, writ denied). The filing of a bond is a condition precedent to the issuance of
a temporary injunction, and the failure of the applicant to file a bond renders the injunction
void ab initio. Bayoud v. Bayoud, 797 S.W.2d 304, 311 (Tex. App.--Dallas 1990, writ
denied).

 However, so long as the applicant files the required bond before the writ of injunction
issues, the bond is timely and the injunction is not void for failure to post a bond. Ohlhausen
v. Thompson, 704 S.W.2d 434, 438 (Tex. App.--Houston [14th Dist.] 1986, no writ). Such
is the situation in the case at bar. Here, the District Clerk did not issue the writs of injunction
until after Rayburn posted the bond on November 27, 2000. Issue No. Two is overruled.

 In Issue No. Three, Appellants assert that the court erred in refusing to dissolve its
order granting an injunction on the grounds of waiver. Appellants maintain that Rayburn's
failure to file a bond and thus the failure for the writ of injunction to issue for over nine
months was a waiver on Rayburn's part. Lamar and Cap Rock argue that they could have
gone forward with the combination and such action would not have been in violation of the
injunction, as no writ issued for over nine months due to Rayburn's failure to file a bond.
Instead, Appellants chose to use motion practice to address the bond and writ failure issues.
Appellants now insist they should not be punished for opting to file a motion to dissolve
instead of going forward with the combination. We note that Appellants cite no authority for
this waiver argument. Tex. R. App. P. 38.1(h). Accordingly, we overrule Issue No. Three.

 Having overruled each of Appellants' issues, we affirm the judgment of the trial court

February 10, 2004

 

 _______________________________________ 
 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.
1. We are not unmindful of our decision in Cap Rock Electric Cooperative, Inc. v. Rayburn Country Electric
Cooperative, Inc., No. 08-01-00347-CV, a companion to this case, in which we held that the Midland court did not
have jurisdiction due to a previously filed case. These cases were consolidated for the purposes of appeal because of
their related issues. While the outcomes may seem inconsistent, an interlocutory appeal was the only vehicle
available to Appellants to challenge certain issues presented herein.