COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ELECTROLUX HOME CARE
PRODUCTS, LTD.,


 Appellant,


v.



INTERNATIONAL MANUFACTURING
SOLUTIONS CORPORATION,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00080-CV



Appeal from the


34th Judicial District Court


of El Paso County, Texas 


(TC# 2005-6698) 



O P I N I O N


 Appellant's motion for rehearing and amended motion for rehearing are hereby granted
except as to costs. The opinion issued by this Court on March 15, 2007, is hereby withdrawn and
the following is the opinion of this Court.

 This is an accelerated interlocutory appeal from the granting of a temporary injunction in
favor of Appellee International Manufacturing Solutions Corporation ("IMS"). In its sole issue,
Appellant Electrolux Home Care Products, Ltd. ("Electrolux") argues the 34th District Court of
El Paso County ("District Court") abused its discretion in granting a temporary injunction in
favor of IMS enjoining the El Paso County Sheriff's Department and Electrolux from executing a
judgment of possession granted in favor of Electrolux. We will dismiss as moot.

 Pursuant to an "Asset Purchase Agreement," Electrolux leased property, loaned molds
and equipment, and sold machinery to IMS so that IMS could produce certain parts used in
Electrolux products. In September of 2005, Electrolux filed an original petition and application
for a writ of sequestration in the District Court. Electrolux sought the return of tools and
equipment loaned to IMS, damages associated with an alleged conversion of the property, and
attorney's fees and costs. After a hearing, the District Court denied the requested relief and
ordered the parties to mediate the dispute. Subsequent to the hearing on Electrolux's application
for a writ of sequestration, IMS filed an original answer and counterclaim against Electrolux for
breach of contract. Additionally, IMS filed amended pleadings seeking injunctive relief.

 While this action was pending in the District Court, Electrolux gave notice to IMS of
termination of the lease agreement. (1) On January 12, 2006, Electrolux gave notice to IMS to
vacate the premises. Electrolux then brought a forcible detainer action in the Justice of the Peace
Court, Precinct Number Five ("Justice Court") seeking a judgment of possession. In response,
IMS filed a motion to quash citation and service. The Justice Court denied IMS's motion to
quash service and citation and granted judgment in favor of Electrolux. IMS then perfected its
appeal to the County Court at Law Number Six ("County Court").

 In the County Court, IMS filed a motion to quash and plea to the jurisdiction seeking to
have the Justice Court judgment reversed and remanded as a result of the defective service and
citation. (2) IMS then filed an amended plea to the jurisdiction alleging the Justice Court's
judgment was void because it never acquired personal jurisdiction over IMS. Electrolux filed its
complaint for forcible detainer and subsequently moved for summary judgment. The County
Court granted Electrolux's motion for summary judgment and entered a judgment for possession
in favor of Electrolux. IMS then filed its notice of appeal of the judgment of possession granted
in favor of Electrolux by the County Court. On April 4, 2006, the County Clerk issued a writ of
possession for the property and the El Paso County Sheriff gave IMS notice to vacate the
building.

 Contemporaneously, the writ of sequestration, breach of contract, and application for
injunctive relief actions were still pending in the District Court. The District Court held a
hearing on both Electrolux's application for a writ of sequestration and IMS's request for
injunctive relief. (3) The District Court held an additional hearing approximately three months later
in order to again address IMS's request for injunctive relief. (4) As a result of that hearing, the
District Court granted IMS's request for a temporary injunction. On April 6, 2006, the District
court signed an order granting the injunction and ordered IMS to post bond in the amount of
$16,000.

 Specifically, the District Court's order prevented the El Paso County Sheriff's
Department and Electrolux from "removing IMS's employees and/or equipment from the
premises located at 9600 Pan American or to take any action that would result in the stoppage of
IMS's business at said premises for 60 days from the date or this order." (5) In addition, the
temporary injunction prevented IMS from removing any molds or tools belonging to Electrolux
from the premises until a further hearing. Electrolux then filed its notice of interlocutory appeal.

 By this accelerated interlocutory appeal, Electrolux seeks to set aside the temporary
injunction granted by the District Court. The injunction prohibited Electrolux from executing a
judgment of possession granted in its favor by the Justice Court and by the County Court after an
appeal of the Justice Court's decision by IMS. See Tex.Prop.Code Ann. § 24.004 (Vernon
2000).

 By its own terms, the injunction expired sixty days from the date of the District Court's
order. The District Court entered the order on April 6, 2006, and the injunction expired on
approximately June 5, 2006. When an injunction becomes inoperative due to passage of time or
because it has expired, issues regarding its validity become moot. Faddoul, Glasheen & Valles,
P.C. v. Oaxaca, 52 S.W.3d 209, 212 (Tex.App.--El Paso 2001, no pet.), citing National
Collegiate Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). Appellate courts are prohibited
from reviewing an injunction that has become moot. See id.

 When an appeal becomes moot, we are required to dismiss the cause of action, not merely
the appeal. City of Garland v. Louton, 691 S.W.2d 603, 604-05 (Tex. 1985). Accordingly, we
dismiss IMS's temporary injunctive relief claim against Electrolux and dismiss this appeal.


April 12, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.
1. According to the testimony of Charles E. Kelly, director of materials and purchasing, at
the hearing held on January 20, 2006, notice of termination of the lease agreement was given on
September 19, 2005, and again on December 21, 2005.
2. IMS also filed an answer and affirmative defense.
3. The District Court did not rule on either Electrolux's application for writ of
sequestration or IMS's request for injunctive relief as a result of this hearing.
4. This hearing was subsequent to the County Court's judgment of possession granted in
favor of Electrolux.
5. The trial court made a hand-written notation on the temporary injunction to include the
El Paso County Sheriff.