**HERMANN HOSPITAL, Appellant,**

**v.**

**THU NGA THI TRAN, Individually, and on Behalf of Ho Trinh, An Incompetent Person, and on Behalf of Nhan Quang Trinh, Vinh Quang Trinh, Tri Quang Trinh and Phuong Uyen Tran Trinh, Minors, Appellees.**

**No. C14–86–711–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 2, 1987.

Carl L. Ray, Houston, for appellant.

Claude M. McQuarrie, III, Robert J. Swift, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from orders granting a temporary restraining order and temporary injunction in which appellant (defendant below) was enjoined from destroying or altering its hospital records pertaining to the treatment of appellee Ho Trinh (plaintiff below) and making any notes or entries in the record without indicating the date on which the notation or entry was made. We hold the trial court abused its discretion in granting the temporary injunction.

On August 4, 1986, appellees filed suit against appellant and others alleging negligence in the treatment of appellee Ho Trinh. In their petition appellees sought a temporary restraining order (TRO) and temporary injunction to enjoin appellant from: (1) destroying or altering appellant's medical records relating to the care of Mr. Trinh; (2) making any notes or entries in the records without indicating the date of the note or entry; (3) requesting or attempting to obtain consent to discharge Mr. Trinh from the hospital; and (4) discharging Mr. Trinh from the hospital or transferring him to a lesser-equipped health care facility.

The case originally was assigned to the 152nd District Court but was transferred to the 295th District Court, which was hearing the ancillary docket including those cases requesting injunctive relief. On August 4, 1986, the trial court granted appellees' request for the TRO and set a hearing date for the temporary injunction on August 13, 1986. At this hearing, the court dissolved the TRO as to two doctors named in the suit, denied appellees' requests for injunctive relief regarding the transfer of Mr. Trinh to another facility, and granted a temporary injunction concerning the medical records. This order was signed August 18, 1986. Appellant appeals both orders granting the TRO and temporary injunction.

We first note that the TRO expired by its own terms without further extension. *See* Tex.R.Civ.P. 680. Consequently, all issues relating to the TRO are moot. *United Interests, Inc. v. Sabel's T.V. Service, Inc.*, 698 S.W.2d 170, 172 (Tex.App.—Houston [14th Dist.] 1985, no writ).

In point of error four appellant contends the ancillary court erred in granting the temporary injunction because there was factually insufficient evidence to support a finding that appellant intended to engage in the activities sought to be restrained.

The court below made Findings of Fact and Conclusions of Law but denied appellant's request to make a finding on whether appellant intended to do the things sought to be enjoined. Appellant contends that without a finding of intent, appellees have not been threatened with irreparable injury, an element appellees must prove before obtaining injunctive relief. *Frey v. DeCordova Bend Estates Owners Association*, 647 S.W.2d 246, 248 (Tex.1983). Appellees argue, however, that if the evidence

supports a finding of intent, the finding will be implied in the judgment, citing *Erickson v. Rocco,* 433 S.W.2d 746, 750 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

The evidence heard by the court at the hearing on the temporary injunction consisted of testimony given by three people. Pamela Yokubaitif, director of medical records at Hermann Hospital, testified that normally the original records are microfilmed, then destroyed, two years after the patient is discharged. She further testified that these particular records have been and will continue to be kept under lock and key, with very few people having access to them and no one having access without her permission, until any pending litigation is over. She also testified that she knew of no one having the intent to destroy or alter the records, that it would be a violation of Hermann Hospital policy to do so and that it is her duty to prevent this from happening. She testified that it is standard procedure for physicians to sign and date all entries in the record wherever the records are located, that it would be a violation of hospital policy not to do this, and she knew of no one intending to make notations or entries without following this procedure.

Carl Ray, counsel for appellees, testified that the original records are crucial to the trial because they contain original pen markings and are color-coded, which the authenticated copies tendered by appellant do not show. He further testified that no one had indicated that the records would be altered or destroyed, and that no one had the intent to do so as far as he knew, but from testimony regarding normal procedures there was such a possibility.

Finally, Mrs. Tran testified that she believed the hospital wanted to transfer Mr. Tran to a nursing home.

■■■ Fear or apprehension of the possibility of injury alone is not a basis for injunctive relief. *Frey v. DeCordova,* 647 S.W.2d at 248. Since the evidence shows no intention on the part of appellant to do the things sought to be enjoined, the injunction should have been denied. *Luccous v. J.C. Kinley Co.,* 376 S.W.2d 336, 341 (Tex.1964). Point of error four is sustained.

■■■ In its fifth point of error appellant contends the ancillary court erred in granting the temporary injunction because the court did not state in the order specific reasons for its issuance as required by Tex.R.Civ.P. 683. We agree.

The Texas Supreme Court stated in *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971), that "Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."

The temporary injunction order states that:

> The Plaintiff is entitled to the Temporary Injunction because it is necessary to Plaintiffs' cause of action that the original unaltered records of Hermann Hospital in Houston Texas pertaining to the hospitalization and treatment of Ho Trinh be available to Plaintiffs in this cause at the time of trial thereof and that said hospital records be maintained so that the notes, notations, entries, and memorandum contained therein be in strict chronological order.

This court does not believe that this statement in the temporary injunction order is a "reason why injury will be suffered if the interlocutory relief is not ordered" as directed by the court in *State v. Cook United, Inc.* Appellant's fifth point of error is sustained.

Appellant asks this court to remand the case to the 152nd District Court where it originally was assigned prior to transfer to the ancillary docket. Appellant urges us to interpret Rule 8 of the District Courts of Harris County, Texas, so as to prevent so-called "forum shopping" via the device of filing a contrived application for a temporary restraining order or temporary injunction in order to transfer a case to the court of the ancillary judge whose term is

known in advance. In essence, appellant asks us to find such occurred in this case.

We decline to do so as that issue is not properly before us. Rule 8 provides a means within its own terms by which such abuse may be thwarted. Rule 8C. provides that if the ancillary judge receives oral testimony, the case shall be transferred to the docket of the ancillary judge, unless the ancillary judge:

(1) denies all requested relief, and

(2) determines that the principal purpose of the request was to obtain a transfer of the case.

Here the trial court granted a portion of the ancillary relief requested and therefore this exception did not come into play. Appellant counters that the rule does not address our situation where the ancillary relief granted by the trial court is reversed on appeal. Under these circumstances, appellant submits that we have jurisdiction to interpret Rule 8 and should remand the case to the original court to which it was randomly assigned prior to the ancillary matter being raised. While we do not approve of forum shopping, we respectfully disagree with appellant's position. Local Rule 8 was adopted by the District Courts of Harris County and approved by the Texas Supreme Court. It contains within itself a self-restraining method by which the ancillary judge can deal with forum shopping by making such a determination under 8C.(2). Our reversal of the court's order granting a temporary injunction would not prevent the trial court from addressing the question raised by appellant on proper motion. In any event, the issue of interpretation of this local rule is not directly before us, and if there exists a procedural gap in the local rules that permits improper forum shopping, it is for the district courts to correct unless the issue comes to us after being properly raised in the court below.

The trial court abused its discretion in granting the temporary injunction. We therefore reverse the order of the trial court granting the temporary injunction and order the temporary injunction dissolved.

In light of our disposition of this case on points of error four and five, we need not address appellant's remaining points of error.