IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00162-CV

 

Robert Larry Stephens as Personal

Representative and Heir of the 

Estate of Mary Virginia Stephens,

James Stephens, and Kenneth Stephens,

                                                                                    Appellants

 v.

 

Byrum Ranch LLC,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 71396

 



MEMORANDUM  Opinion



 

The Clerk of this Court notified the
parties in an April 8, 2011 letter that the appellants’ brief was overdue in
this cause and that the appeal may be dismissed if a response showing grounds
for continuing the appeal was not filed within twenty-one days.  No
response has been received.

Accordingly, the appeal is dismissed for
want of prosecution.  See Tex.
R. App. P. 38.8(a)(1), 42.3(b).

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Dismissed

Opinion
delivered and filed May 18, 2011

[CV06]








 






%'>According to
Janet, while he was in prison, David gave her a power of attorney to allow her
to run the business in his absence, a fact that David later admitted in his
“counter-petition for divorce.”  In the trial court, however, David disputed
whether the executed power of attorney was, in fact, valid.  He alleged that
his social security number was written on the document and that the document
was notarized without his consent.  David complained that the notary public who
signed the document indicated that David produced identification to her when
the document was signed even though David was incarcerated at the time. 
Nevertheless, the document contained the following language that David admitted
to have written:  “I, David Lightfoot Hernandez, TDCJ-ID #458230, being
presently incarcerated in the Coryell County Jail in Coryell County, Texas,
declared under penalty of perjury that the foregoing is true and correct. 
Executed on May 1, 2007.”

Regardless of
the validity of the power of attorney, Janet ran the business in David’s
absence, an effort that failed for a number of reasons.  Janet testified that
half of the business income came from the repair and sale of computers, which
was solely the expertise of David.  The remainder of the business involved the
selling of lawn-care equipment.  Because of a severe drought and high-interest
financing associated with inventory that had not been sold, the lawn-care
equipment portion of the business ceased to be profitable.  In an attempt to
revive the business, Janet liquidated a separate-property mutual fund that she
had and used the $45,000 in proceeds for the business.  She also sold several
vehicles and power equipment that were used for the business to try to keep the
business running.  Janet also arranged for the exchange of “now-useless
computer parts” for the labor of a technician so that she could avoid having to
pay the technician in cash.  None of Janet’s efforts were enough to save the
business.

In the fall of
2008, because Janet was unable to keep up with the interest payments, a secured
creditor repossessed the business’s inventory.  The bank subsequently
foreclosed on the building used for the business and the sole remaining
business account that allegedly had a small amount of money left in it. 
According to a 2007 tax return jointly filed by David and Janet, the business,
in its last year of operation, lost more than $74,000.

On October 21,
2008, Janet filed her original petition for divorce, which included, among
others, a request for a temporary restraining order.  The trial court
subsequently granted Janet an ex parte temporary restraining order.  David
filed an answer to Janet’s divorce petition and a “counter-petition for
divorce,” both of which the trial court deemed as David’s answer to Janet’s
suit.[2] 
On March 26, 2009, the trial court conducted a final hearing on Janet’s divorce
petition.  David participated in the hearing by teleconference.  At the
conclusion of the hearing, the trial court, ostensibly concluding that the
marital estate had no community property, awarded the parties their separate
property and any property they had in their possession.  This appeal followed.

In his first
issue, David contends that the trial court abused its discretion in dividing
the marital estate.  In particular, David complains that Janet wrongfully
disposed of community assets while he was incarcerated and effectuated a fraud
on the community.

We review a
trial court’s division of property under an abuse of discretion standard.  Murff
v. Murff, 615 S.W.2d 696, 698 (Tex. 1981).  A trial court has wide latitude
in the exercise of its discretion in dividing the marital property in a divorce
proceeding, and that division will not be overturned on appeal unless the trial
court has abused its discretion.  Id.; see Zieba v. Martin, 928
S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ); Dankowski v.
Dankowski, 922 S.W.2d 298, 304 (Tex. App.—Fort Worth 1996, no writ).  The
mere fact that a trial judge may decide a matter within his discretionary
authority differently than an appellate judge is not an abuse of discretion.  Jones
v. Jones, 804 S.W.2d 623, 624 (Tex. App.—Texarkana 1991, no writ) (citing Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).  To
constitute an abuse of discretion, the trial court’s division of the property
must be manifestly unfair.  Mann v. Mann, 607 S.W.2d 243, 245 (Tex.
1980); see Vandiver v. Vandiver, 4 S.W.3d 300, 303-04 (Tex. App.—Corpus
Christi 1999, pet. denied).

Section 7.001 of
the family code provides that the trial court shall, in its divorce decree,
order a division of the marital estate in a manner that it deems just and right. 
Tex. Fam. Code Ann. § 7.001
(Vernon 2006).  The trial court is not required to divide the marital estate
equally; however, its division must be equitable.  Zieba, 928 S.W.2d at
790.  “The trial court’s discretion is not unlimited, and there must be some
reasonable basis for an unequal division of the property.”  O’Carolan v.
Hopper, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.).  In deciding
whether a reasonable basis exists for an unequal division of the marital
estate, the trial court may consider “such factors as the spouses’ capacities
and abilities, benefits which the party not at fault would have derived from
continuation of the marriage, business opportunities, education, relative
physical conditions, relative financial condition and obligations, disparity of
ages, size of separate estates, and the nature of the property.”  Murff,
615 S.W.2d at 699.

Moreover,
because the trial court is in a better position to determine the candor,
demeanor, and credibility of the witnesses, we will not substitute our judgment
for that of the trial court.  See Garner v. Garner, 200 S.W.3d 303, 308
(Tex. App.—Dallas 2006, no pet.), overruled on other grounds by Iliff v.
Iliff, 339 S.W.3d 74 (Tex. 2011); see also In re A.L.E., 279 S.W.3d
424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that trial
court is best able to observe and assess witnesses’ demeanor and credibility
and to sense “forces, powers, and influences” that may not be apparent merely
from reading the record on appeal).  Instead, we defer to the trial court’s
resolution of underlying facts and to the credibility determinations that may
have affected its decision.  In re A.L.E., 279 S.W.3d at 427.  Thus, an
abuse of discretion will generally not occur when a trial court bases its
discretion on conflicting evidence.  In re De La Pena, 999 S.W.2d 521,
526 (Tex. App.—El Paso 1999, no pet.).

            In the instant case, David
asserts that Janet improperly disposed of community assets and, thus, committed
a fraud on the community estate.  “Texas recognizes the concept of fraud on the
community, which is a wrong by one spouse that the court may consider in its
division of the estate of the parties and that may justify an unequal division
of the property.”  Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex.
1998).

[A] claim of fraud on the community is a
means to an end, either to recover specific property wrongfully conveyed . . .
or . . . to obtain a greater share of the community estate upon divorce, in
order to compensate the wronged spouse for his or her lost interest in the
community estate.

 

Id.  In making a just and right division of the marital
estate, the trial court may consider, among other things, the wasting of
community assets.  Id.; see Murff, 615 S.W.2d at 698-99.

At the final
hearing, Janet admitted to selling some vehicles, equipment, and inventory to
keep the business running.  However, Janet acknowledged that she failed in
trying to keep the business open.  The inventory was repossessed, and the
building was foreclosed upon by the bank.  As a result, Janet stated that,
“Yes, it’s all gone.  I’m broke.”  In his pleadings, David listed a number of
vehicles and equipment as part of the community estate and alleged that Janet
improperly sold the items without his consent.  Janet, on the other hand,
testified that the equipment and vehicles that David listed were never owned by
the couple, were sold to further their business, or were a part of their
separate property.  To refute this testimony, David Bollard, a friend and past
customer of David’s, recalled seeing all of the vehicles and equipment that
David listed in his pleadings.  The trial court, however, concluded that the
couple did not have any community property to divide; thus, it clearly believed
the testimony of Janet and rejected the testimony of David and Bollard.  See
Garner, 200 S.W.3d at 308; see also In re A.L.E., 279 S.W.3d at
427.  Because Janet’s testimony constitutes some evidence that there were no
community assets to divide and because we must defer to the trial court’s resolution
of underlying facts and to the credibility determinations that may have
affected its decision, we cannot say that the trial court abused its discretion
in dividing the marital estate.[3] 
See In re A.L.E., 279 S.W.3d at 427; see also Murff,
615 S.W.2d at 698.

            David also complains that
the power of attorney that was executed was invalid because it was forged. 
Thus, according to David, Janet was not authorized to dispose of the community
assets to run the business.  However, Janet refuted David’s allegations about
the power of attorney by testifying that David instructed her to run the
business—a fact that David admitted in his “counter-petition for divorce”—and
that the power of attorney was valid.  The trial court did sustain David’s
objection to the admission of the power of attorney on authentication grounds,
but in concluding that the marital estate did not contain any community assets
and awarding the parties their separate property, the trial court, in effect,
rejected David’s complaint and concluded that Janet was authorized to run the
business for the benefit of the community estate.  See Garner, 200
S.W.3d at 308; see also In re A.L.E., 279 S.W.3d at 427.  Based on the
foregoing, we cannot say that David has demonstrated that a fraud on the community
occurred or that the trial court abused its discretion in dividing the marital
estate.  See Schlueter, 975 S.W.2d at 588; see also Murff,
615 S.W.2d at 698.  We overrule David’s first issue.

In his second
issue, David contends that the trial judge engaged in improper ex parte
communications by holding a hearing on Janet’s request for a temporary
restraining order without affording him with notice or an opportunity to
participate in the hearing.  We first note that Texas law “prohibits an appeal
from a temporary restraining order.”  Ex parte Tucci, 859 S.W.2d 1, 2-3
n.4 (Tex. 1993); see In re Office of the Attorney Gen., 257 S.W.3d 695,
698 (Tex. 2008).  And, perhaps more importantly, any complaint regarding the
alleged ex parte restraining order is moot because the marital estate has been
divided, the divorce decree is final, and the complained-of order has expired
under its own terms.  See Hermann Hosp. v. Tran, 730 S.W.2d 56, 57 (Tex.
App.—Houston [14th Dist.] 1987, no writ) (holding that expiration of temporary
restraining order renders its challenge moot); see also Andrews v. Smith,
No. 03-01-00402-CV, 2002 Tex. App. LEXIS 3642, at *15 (Tex. App.—Austin May 23,
2002, pet. dism’d w.o.j.) (op. on reh’g) (“This challenge is moot because the
temporary restraining order is no longer in effect.”).  Accordingly, we
overrule David’s second issue.

In his third
issue, David complains that the trial court abused its discretion in granting a
temporary injunction in favor of Janet because he neither received notice nor
was afforded the opportunity to participate in the hearing.  A review of the
record indicates that the trial court did not grant a temporary injunction in
favor of Janet.  Instead, the trial court granted Janet an ex parte temporary
restraining order and authorized one extension of it because Janet had
difficulty in serving David because the prisons were on lockdown pursuant to an
order from the Governor.

To the extent
that David is arguing that the temporary restraining order ostensibly became an
injunction because the extension caused the temporary restraining order to
expire much later than fourteen days after it was originally granted, we point
out that Texas Rule of Civil Procedure 680 affords the trial court with
discretion to grant at least one extension for good cause.  Tex. R. Civ. P. 680. And furthermore,
even if we were to construe the temporary restraining order as a temporary
injunction, any complaint associated with the order is moot considering that
the trial court entered a final divorce decree dividing the marital estate and
the terms of the order have expired.  See Faddoul v. Oaxaca, 52 S.W.3d
209, 212 (Tex. App.—El Paso 2001, no pet.) (“A temporary injunction becomes
moot when it becomes inoperative due to a change in status of the parties or
the passage of time, or because it has expired.”).  If the complained-of order
was, indeed, an injunction, then it was incumbent upon David to file an
interlocutory appeal challenging the propriety of the order.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(4) (Vernon 2008).  He did not do so in this case.  Thus, we overrule
his third issue.

In his fourth
issue, David argues that the trial court abused its discretion “in refusing to
consider the independent tort[s] of forgery and fraud . . . when disposing of
the marital assets which caused appellant injury independent of fraud on the
community.”  In asserting this issue, David fails to demonstrate that this
claim was clearly pleaded in the trial court.  He also fails to distinguish the
“independent tort[s] of forgery and fraud” from his prior fraud on the
community contention.  In fact, the contentions he makes in this issue are
substantially similar to those made to support his fraud on the community
argument, which we previously rejected.  Moreover, in support of his
allegations of forgery and fraud, David does not direct us to portions of the
appellate record demonstrating that Janet engaged in the complained-of tortious
behavior.  Instead, he directs us to portions of Janet’s testimony, which David
characterizes as lies, his own bare assertions, and evidence he attached to his
appellate brief.  As we have previously noted, we cannot consider evidence
attached to an appellate brief that has not been formally included in the
record.  See Gonzalez v. Villarreal, 251 S.W.3d 763, 777 n.17
(Tex. App.—Corpus Christi 2008, pet. dism’d w.o.j.); Till v. Thomas, 10
S.W.3d 730, 733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  Moreover,
David testified about these allegations, yet, in concluding that David was
entitled only to his separate property, the trial court apparently chose to
disbelieve David’s testimony, which it was authorized to do.  See Garner,
200 S.W.3d at 308; see also In re A.L.E., 279 S.W.3d at 427.

Because the only
record evidence supporting David’s complaint is the testimony of witnesses and
because the resolution of David’s allegations of forgery and fraud depended on
the candor, demeanor, and credibility of the witnesses, we defer to the trial
court’s resolution of this complaint.  See Garner, 200 S.W.3d at 308; see
also In re A.L.E., 279 S.W.3d at 427.  Further, David has not directed us
to record evidence that demonstrates that the trial court’s rejection of this
complaint and subsequent division of the marital estate constituted an abuse of
discretion.  See Murff, 615 S.W.2d at 698.  We, therefore,
overrule David’s fourth issue.

Having overruled all of David’s issues,
we affirm the judgment of the trial court.

 

 

 

REX D. DAVIS

                                                                                    Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed August 10, 2011

[CV06]









[1] In particular, Janet tendered
Petitioner’s Exhibit 1, which was a waiver processing sheet from the Texas
Department of Criminal Justice—Parole Division (TDCJ) and in which the TDCJ
noted that “Offender [David] admitted to having access to ‘MySpace.com’ on the
internet and meeting a woman there and having sexual relations.  Offender has
failed last 4 polygraphs as well for not disclosing rules violations.”





[2] The trial court construed David’s “counter-petition
for divorce” as an answer because David failed to pay the corresponding fee for
the filing.





[3] We also note that David failed to
present any evidence to the trial court regarding the contents and value of the
community estate.  He made numerous vague assertions regarding property that
may or may not have been included in the community estate.  On appeal, David
attached numerous exhibits documenting what he thinks was contained in the
community estate and how much he believed it to be worth.  These exhibits,
however, were not included in the appellate record and thus cannot be
considered in this appeal.  See Gonzalez v. Villarreal, 251 S.W.3d 763,
777 n.17 (Tex. App.—Corpus Christi 2008, pet. dism’d w.o.j.) (holding that
attachment of documents as exhibits or appendices to appellate briefs is not
formal inclusion in appellate record); Till v. Thomas, 10 S.W.3d 730,
733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (“We cannot consider
documents attached to an appellate brief that do not appear in the record.”).