

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00587-CV

**IN RE** Richard **ALVAREZ**, Petra Davina Trevino-Rodriguez,
and Eliberto Roy Trevino

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  September 3, 2014

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On August 13, 2014, relators Richard Alvarez, Petra Davina Trevino-Rodriguez, and Eliberto Roy Trevino filed a petition for writ of mandamus complaining of the trial court's ex parte temporary restraining order granted on August 12, 2014.

Respondent signed an ex parte temporary restraining order which prevented relators from engaging in their duties as mayor, city council member, and city manager for the City of Pearsall. Relators commenced this original proceeding, challenging the restraining order as a void order issued without authority. Relators also requested emergency relief to temporarily stay the enforcement of the challenged order. On August 14, 2014, this court issued an order temporarily

---

[1] This proceeding arises out of Cause No. 14-08-00236-CVF, styled *Concerned Citizens of Pearsall and Henry Martinez v. City of Pearsall, TX; Petra Davina Trevino-Rodriguez, Individually; Eliberto Roy Trevino, Individually; and Richard Alvarez, Individually*, pending in the 218th Judicial District Court, Frio County, Texas, the Honorable Dick Alcala presiding.

staying the enforcement of the temporary restraining order and requesting a response to the petition for writ of mandamus. Relators did not request that this court stay the expiration of the temporary restraining order, and we did not do so. The temporary restraining order expired by its own terms on August 26, 2014.

Ordinarily, the expiration of a temporary restraining order renders challenges to its issuance moot. *See Hermann Hosp. v. Tran*, 730 S.W.2d 56, 57 (Tex. App.—Houston [14th Dist.] 1987, no writ). Because the temporary restraining order challenged in this proceeding has expired by its own terms, we conclude, without reaching the merits of the challenges asserted, that the petition for writ of mandamus has become moot and should be dismissed. Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction. *See, e.g., Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (holding that appellate courts have no jurisdiction to issue advisory opinions where issues raised in a pending matter have become moot).

PER CURIAM