**DISMISS and Opinion Filed December 19, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01222-CV

## IN RE P.K., KIRTLAND REALTY GROUP, L.P., 1907 ELM GP GROUP, 1900 PACIFIC GP CORP., PETROCORRIGAN GP, LLC, PETROCORRIGAN DEVELOPMENT GP CORP., KRG GENPAR, LLC, T.W. DUKE CAPITAL, L.P., AND TWDC GENPAR, LLC, Relators

### Original Proceeding from the 302nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-17-11304

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Fillmore
Opinion by Chief Justice Wright

In this original proceeding, relator P.K. and his business entities, Kirtland Realty Group, L.P., 1907 Elm GP Corp., 1900 Pacific GP Corp., PetroCorrigan GP, LLC, PetroCorrigan Development GP Corp., KRG GenPar, LLC, T.W. Duke Capital, LP, and TWDC GenPar, LLC (collectively, "the corporate relators") complain of a temporary injunction against P.K. and a temporary restraining order against the corporate relators rendered in a divorce.[1]  *See* TEX. FAM. CODE ANN. §§ 6.501, 6.502.  Review by mandamus of temporary orders under subchapter F of the family code is proper because those orders, other than an order appointing a receiver, are not subject to interlocutory appeal under the family code.  *See* TEX. FAM. CODE. ANN. § 6.507; *In re*

---

[1] The injunction was rendered by the associate judge and upheld by the trial court following a de novo hearing.  Although the associate judge's ruling was to remain in effect "until further order of the court," as opposed to expiring in fourteen days subject to an extension for good cause shown or unopposed extensions, relators characterize the ruling as a temporary restraining order.  *See* TEX. R. CIV. P. 680.

*Vitol, Inc.*, No. 14-10-00049-CV, 2010 WL 308792, *1 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (per curiam).  However, we dismiss the petition for want of jurisdiction to the extent it complains of the restraining order against the corporate relators as those complaints have expired and are moot.  *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies."); *Hermann Hosp. v. Thu Nga Thi Tran*, 730 S.W.2d 56, 57 (Tex. App.—Houston [14th Dist.] 1987, no writ) (complaints about expired orders are moot).  As to the temporary injunction, we deny the petition as no abuse of discretion has been shown.  *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (mandamus relief granted only when no adequate remedy by appeal exists and the trial court has clearly abused its discretion).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

181222F.P05