**Affirmed and Opinion Filed August 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00243-CV**

**COLLEEN MARIE FISHER, Appellant**
**V.**
**PAUL M. COOKE, SR., Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05882**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Colleen Marie Fisher appeals a final judgment in favor of Paul M. Cooke, Sr. in this declaratory judgment suit regarding ownership of real property. The trial court granted a motion for partial summary judgment against Fisher declaring Cooke to be the owner of the property and subsequently entered orders sanctioning Fisher and striking her counterclaim. The court ultimately rendered a final judgment incorporating the partial summary judgment, a summary judgment against another party, the orders sanctioning Fisher, and awarding Cooke attorney's fees under the declaratory judgment act. Only Fisher appeals. We affirm.

## Background

This dispute involves ownership of a residence in Dallas County (the Property). In July 2008, Fisher and her husband conveyed the Property to Cooke (her father) and her mother by general warranty deed. The deed was recorded on July 30, 2008. Sometime in 2010, the house was damaged in a fire and has remained vacant since that time.

In April 2018, Cooke entered into a contract to sell the Property to a third party. The sale was scheduled to close in June 2018. On May 4, 2018, however, Fisher's son, Jonathan, as trustee of the JCLLA trust (the Trust), filed this suit against Cooke seeking a declaratory judgment that the Trust, as assignee of Fisher, held an option to repurchase the Property and seeking an order enforcing that option. Alternatively, the Trust asserted a claim for damages for breach of the option contract. Jonathan also filed a lis pendens notice regarding the Property.

The Trust's claim is based on an agreement regarding real property (Option Agreement) prepared in July 2008. The Trust's petition alleged the Option Agreement gave Fisher and her husband an option to repurchase the Property. The petition alleged that Fisher received all rights under the Option Agreement from her husband in a 2012 divorce decree and that Fisher assigned all of her rights under the Option Agreement to the Trust on April 1, 2018.

Cooke contends the Option Agreement was never executed by all parties and that Fisher and her husband never paid the consideration recited in the agreement. Thus, he contends the agreement is unenforceable.

On June 28, 2018, Cooke answered the lawsuit and filed a counterclaim against the Trust and third-party claims against Fisher and her now ex-husband, Kelly. Cooke alleged claims for a declaratory judgment that the Option Agreement was void and unenforceable; the lis pendens notice was improper and void; the Trust, Fisher, and Kelly had waived or otherwise forfeited any rights under the alleged Option Agreement; and that Cooke was the sole, lawful owner of the Property. Cooke also alleged a claim for breach of the Option Agreement against Fisher and Kelly, and a suit to quiet title to the Property. He sought a temporary restraining order and temporary and permanent injunctions, supported by his affidavit, to require the removal of the lis pendens and to restrain any actions to interfere with Cooke's title to the Property or his ability to sell.

The trial court granted the temporary restraining order ex parte. Fisher states in her brief that she learned of the temporary restraining order and filed a motion for reconsideration. Neither the temporary restraining order nor the motion for reconsideration are included in the appellate record. Fisher also states in her brief that the trial court conducted a hearing on her motion for reconsideration on July 2, 2018. There is no record of this hearing before us.

On July 12, 2018, the trial court conducted a hearing on the application for a temporary injunction. An attorney appeared at the hearing and announced he was representing Fisher for purposes of the hearing. Cooke's counsel then announced that the parties had reached an agreement on the temporary injunction and on a Rule 11 agreement regarding access to the Property for a period of sixty days. The Rule 11 agreement was dictated into the record and counsel for Fisher and Cooke indicated their agreement to its terms. Jonathan was also present and confirmed his agreement as trustee. The trial judge announced she was signing the written temporary injunction, indicating that it was agreed and that it was subject to the Rule 11 agreement announced on the record. No one objected to or indicated any disagreement with the court or with the temporary injunction signed at the conclusion of the hearing.

The temporary injunction nullified the lis pendens notice and restrained the Trust, Fisher, and Kelly from "filing any future lis pendens or other cloud against the title to the Property, pending further order of this Court" and "from taking any other action, legal or otherwise, to impede or prevent [Cooke]'s sale of the Property or his peaceable use, enjoyment, and/or disposition of the Property as he pleases." It set a bond and recognized Cooke's prior bond payment for the temporary restraining order as full payment of the bond for the temporary injunction. The temporary injunction set the case for trial on January 7, 2019.

On November 16, 2018, Cooke filed a no-evidence motion for summary judgment on the Trust's claims for declaratory judgment and breach of contract. He asserted the Trust had no evidence to support any of the elements of a breach of contract claim based on the Option Agreement and no evidence of an ownership interest in the Property to support a declaratory judgment. Jonathan filed an affidavit in response; however, the trial court struck the affidavit and its exhibits on Cooke's objections. The trial court then granted the no-evidence motion for summary judgment and rendered judgment that the Trust take nothing on its claims.

On September 24, 2019, Cooke filed a motion for partial summary judgment on his claims for a declaratory judgment, permanent injunction, and attorney's fees against Fisher. Fisher did not file a response to the motion for partial summary judgment.

On October 17, 2019, Cooke filed a motion for sanctions against Fisher arguing she violated the temporary injunction by filing a notice of claim in the Bexar County Probate Court administering her mother's estate. The claim asserted that Fisher's mother executed a quitclaim deed of her interest in the Property to Fisher in 2008 and that Fisher held a fifty-percent interest in the Property and any proceeds from its sale.

On November 12, 2019, Fisher filed an original answer and counterclaim against Cooke, just three days before the hearing on the motion for partial summary judgment and without leave of court. She alleged affirmative defenses of judicial

estoppel and unclean hands and claims for a declaratory judgment that she is entitled to enforce the Option Agreement, breach of contract, breach of fiduciary duty, and attorney's fees. On the same day, Cooke filed a second motion for sanctions, supplementing the prior motion, and asserting that Fisher's counterclaim was filed without leave of court and in violation of the temporary injunction.

The motion for partial summary judgment and motions for sanctions were heard on November 15, 2019. On February 21, 2020, the trial court granted summary judgment declaring that Cooke was the lawful owner of the Property free of any claims under the Option Agreement and that Fisher and the Trust have no ownership interest or repurchase rights in the Property. The summary judgment permanently enjoined Fisher from "further interfering with Cooke's clear title, use, and/or disposition of the Property." The summary judgment awarded Cooke attorney's fees in an amount to be determined later.

Also on February 21, 2020, the trial court granted the motions for sanctions and sanctioned Fisher and her attorney for violating the temporary injunction by filing the notice of claim in Bexar County and the original answer and counterclaim without leave of court. The court struck Fisher's counterclaim, imposed a sanction of $5,000 against Fisher and her attorney, and ordered Fisher to withdraw or dismiss the Bexar County filing within two days of the order. The trial court subsequently denied Fisher's motion to reconsider this order.

On February 25, 2020, Fisher, again without leave of court, filed an amended answer and counterclaim against Cooke. She alleged she paid Cooke and her mother the consideration recited in the Option Agreement and that Cooke held the property for the benefit of her and her children. She asserted a claim for a declaratory judgment imposing a constructive trust on the proceeds of any sale of the Property and alternatively a claim for money had and received.

Cooke filed a motion for sanctions relating to the amended counterclaim on March 10, 2020. He sought sanctions for filing the amended counterclaim without leave of court, failure to dismiss the Bexar County notice of claim, and failure to pay the monetary sanctions awarded in the February 21, 2020 sanction order.

On June 22, 2020, the court signed an order sanctioning Fisher and striking her amended counterclaim for filing without leave of court and ordering her to dismiss the Bexar County notice of claim within two days and to pay the prior monetary sanctions and an additional monetary sanction of $7,500.

Fisher later filed a motion for rehearing regarding the June 22, 2020 sanction order because her attorney did not have proper notice of the hearing on the motion for sanctions. The trial court held a new hearing on September 27, 2020 on various motions including the motion for rehearing.

On December 9, 2020, Cooke moved for entry of a final judgment after reaching an agreement with Jonathan Fisher as trustee and dismissing his claim for

tortious interference against Fisher. A hearing was held on the motion for entry of final judgment, but there is no transcript included in the appellate record.

On January 5, 2021, the trial court signed a final judgment reciting that the no-evidence and partial summary judgments, the sanctions orders, and Cooke's dismissal of his remaining claims resolved all claims against all parties except Cooke's claim for attorney's fees. The trial court rendered judgment as follows: declaring that Cooke was the sole, lawful owner of the Property free and clear of any repurchase rights; incorporating the no-evidence and partial summary judgments; ordering that the Trust and Fisher take nothing on any claims against Cooke; permanently enjoining Fisher and all parties in accordance with the partial summary judgment from further interfering with Cook's clear title, use, and/or disposition of the Property; making separate awards of attorney's fees to Cooke against the Trust and Fisher under the declaratory judgment act; incorporating the sanction orders; and awarding Cooke costs and post-judgment interest. The judgment states that it is final, disposes of all issues and all parties, and is appealable.

**Standard of Review**

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844,

–8–

848 (Tex. 2009). If the movant establishes its right to summary judgment, the burden shifts to the non-movant to raise a genuine issue of material fact. *Knott*, 128 S.W.3d at 215. A party relying on an affirmative defense to oppose a motion for summary judgment must present summary judgment evidence raising a fact issue on each element of the affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, no pet.). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A trial court abuses its discretion if its ruling is unreasonable or arbitrary or made without reference to any guiding rules or principles. *See id.* In reviewing the trial court's order, we ordinarily look to its formal findings of fact and conclusions of law. *McCain v. NME Hosps., Inc.*, 56 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ). However, when, as here, the trial court does not make findings of fact and conclusions, the trial court's order implies all necessary fact findings to support it. *Id.* We must uphold the order on any applicable theory that finds support in the record. *Id.*

**Discussion**

Fisher is pro se on appeal. Pro se litigants are required to adhere to the rules of evidence and procedure, including the appellate rules of procedure. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Pro se litigants will not be treated differently than a party who is represented by a licensed attorney. *Id.* We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (*citing Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

Many of Fisher's issues overlap and are repetitive. She complains about several rulings in the trial court. Liberally construing her brief, we discuss her issues in the context of those rulings.

**A. Right to Jury Trial**

Initially, Fisher argues her rights to due process and to a jury trial were violated. She argues it was improper to grant the temporary restraining order ex parte and that she never had the opportunity to present evidence of her claims to a jury.

The rules of procedure permit a temporary restraining order to be issued ex parte under appropriate circumstances, *see* TEX. R. CIV. P. 680, and Fisher admits in

her brief that she received notice of the temporary restraining order and filed a motion for reconsideration, which the trial court heard.[1] Thus, she was given notice and an opportunity to be heard on the temporary restraining order. Further, because a temporary restraining order must expire by its terms within fourteen days after it is signed, Fisher's complaints about the temporary restraining order are moot. *See id.*; *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies."); *See Hermann Hosp. v. Tran*, 730 S.W.2d 56, 57 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding) (holding issues regarding temporary restraining order were moot after temporary restraining order expired without further extension).

Regarding her complaint about a jury trial, Fisher had the opportunity to respond to the motion for partial summary judgment and raise a genuine issue of material fact for a jury to resolve. *See* TEX. R. CIV. P. 166a(c). The summary judgment process provides a method of terminating a case when only questions of law are involved and there are no genuine issues of material fact. *Bliss v. NRG Indus.*, 162 S.W.3d 434, 437 (Tex. App.—Dallas 2005, pet. denied); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 627 (Tex. App.—Dallas 2004, no pet.). The process will not deprive litigants of a jury trial where material questions of fact exist. However, if there is nothing to submit to a jury, then the grant of summary judgment

---

[1] Although there is no record of a hearing on a motion to reconsider the temporary restraining order, the trial court's docket sheet indicates a hearing was held.

–11–

cannot violate a party's constitutional right to a jury trial. *Bliss*, 162 S.W.3d at 437; *Martin*, 138 S.W.3d at 627. We discuss the motion for partial summary judgment below.

We overrule Fisher's first issue.

## B. Temporary Injunction

In her second issue, Fisher complains about the temporary injunction. She contends she did not sign or agree to the temporary injunction and that it fails to comply with Rule 683.

The transcript of the temporary injunction hearing shows that an attorney appeared on Fisher's behalf and never indicated any disagreement when Cooke's counsel represented to the court that the parties had reached an agreed temporary injunction. Fisher's attorney also indicated his agreement with the terms of a Rule 11 agreement dictated into the record. The judge stated on the record that she was signing the temporary injunction, indicating it was an agreed temporary injunction, and adding language that it was subject to the terms of the Rule 11 agreement. No objection was raised. Thus, the trial court did not abuse its discretion by concluding the temporary injunction was agreed. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (whether to grant or deny temporary injunction is within trial court's sound discretion).

In relevant part, Rule 683 provides that every order granting a temporary injunction shall set forth the reasons for its issuance and shall include an order setting

the cause for trial on the merits with respect to the ultimate relief sought. TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000).

In the temporary injunction, the trial court found that Cooke had a contract to sell the Property set to close on June 29, 2018, the sale did not close due to this lawsuit and the lis pendens notice, and the lawsuit and lis pendens notice impede Cooke's ability to sell, refinance, obtain loans, and enjoy the full use of the Property. The court also found that Cooke will likely suffer irreparable harm without the injunction due to the lost sale, losing the ability to sell, refinance, or obtain additional loans for the Property, and the difficulty of finding another buyer. The court found that damages would be inadequate because of the opposing parties' inability to pay damages and that injunctions may issue if irreparable injury to real property is threatened irrespective of any remedy at law. *See* TEX. CIV. PRAC. & REM. CODE § 65.011(5); *Butnaru*, 84 S.W.3d at 211 (recognizing trial court may grant equitable relief when dispute involves real property). The court further found that Cooke was likely to succeed on the merits.

Fisher argues no temporary injunction bond was filed. However, the temporary injunction sets a bond and recognizes the bond paid in support of the temporary restraining order as payment of the bond for the temporary injunction. *See Ex parte Coffee*, 328 S.W.2d 283, 285, 291–92 (Tex. 1959) (trial court may

authorize bond filed for temporary restraining order continued as bond supporting temporary injunction).

Fisher also argues the temporary injunction was void because it did not include the date of trial after the trial court later granted several continuances. The temporary injunction includes an order setting the case for trial on the merits on January 7, 2019. Thus, the temporary injunction satisfied the requirement of Rule 683 that it set the case for trial. *See* TEX. R. CIV. P. 683. It is immaterial to the sufficiency of the temporary injunction that the trial date was later continued.

Fisher contends she presented conflicting evidence in her motion for reconsideration of the temporary restraining order. This motion is not included in the appellate record and there is no record of the hearing. Further, this motion, as indicated in the court's docket sheet, was filed before the temporary injunction was granted and nothing in the record shows it was presented to the trial court afterwards as basis for dissolving the temporary injunction. But even if Fisher presented conflicting evidence on the temporary injunction, a trial court does not abuse its discretion by granting a temporary injunction based on conflicting evidence. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 883 (Tex. App.—Dallas 2003, no pet.).

We conclude the temporary injunction satisfies the requirements of Rule 683 and is not void. Any remaining complaints about the temporary injunction are now moot in light of the permanent injunction. *See Nat'l Collegiate Athletic Ass'n*, 1

S.W.3d at 86 (holding temporary injunction becomes moot when it becomes inoperative due to change in status of parties or passage of time); *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex. App.—El Paso 2001, no pet.).

We overrule Fisher's second issue.

## C. Partial Summary Judgment

Fisher's fourth, fifth, sixth, and ninth issues address the motions for summary judgment. We discuss these issues together.

In the motion for partial summary judgment, Cooke, while denying any rights existed under the Option Agreement, argued that Fisher had assigned whatever rights she had under that agreement to the Trust and those rights, if any, were denied by the no-evidence summary judgment against the Trust. In addition, he argued and presented summary judgment evidence that the Option Agreement was never fully executed and the consideration for it was never paid. He also presented evidence that Fisher waived any rights under the Option Agreement by failing to assert those rights despite multiple triggering events. Thus, he argued that even if there were fact issues about whether the Option Agreement was valid, Cooke was entitled to partial summary judgment against Fisher based on the no-evidence summary judgment. Cooke also requested that the temporary injunction be converted to a permanent injunction to prevent interference with his title to the Property.

Fisher argues in her brief that the permanent injunction was improper. We review the granting of a permanent injunction for an abuse of discretion. *See Lagos*

–15–

*v. Plano Econ. Dev. Bd., Inc.*, 378 S.W.3d 647, 650 (Tex. App.—Dallas 2012, no pet.). We must consider all the summary judgment evidence to determine whether the trial court clearly abused its discretion by granting the permanent injunction. *Id*.

Specifically, Fisher argues the permanent injunction was improper because Cooke did not show a valid cause of action against her, irreparable injury, or inadequate remedy at law. We disagree. Cooke alleged a cause of action against Fisher for declaratory judgment that the Option Agreement was void and unenforceable and that she waived, breached, or failed to timely exercise any right of repurchase under the Option Agreement. He also alleged an alternative claim for breach of contract and a suit to quiet title. Cooke stated in his affidavit that he discussed the April 2018 contract of sale with Fisher, that Fisher never asserted any right to purchase the Property under the Option Agreement, and that Fisher was involved with her son in filing this lawsuit and the lis pendens based on text messages with her, Jonathan, and Kelly asserting the others were involved in and controlling the litigation.

Further, the ownership and potential loss of real property is at issue here. The loss of rights in real property is considered an irreparable injury. *See Yarto v. Gilliland*, 287 S.W.3d 83, 97 (Tex. App.—Corpus Christi 2009, no pet.) (holding the potential loss of rights in real property is a probable, imminent, and irreparable injury that qualifies a party for a temporary injunction). An injunction may issue where irreparable injury to property is threatened without regard to an adequate

remedy at law. TEX. CIV. PRAC. & REM. CODE § 65.011(5); *Butnaru*, 84 S.W.3d at 211. After considering all the summary judgment evidence, we cannot say the trial court clearly abused its discretion by granting the permanent injunction.

Fisher also argues the Property was not Cooke's community property because of the inception of title rule and that the Property was refinanced with funds from both her and Cooke. However, community property principles apply to property owned by spouses. *See* TEX. FAM. CODE § 3.002. They have no application to claims of ownership of property as between a father and his child.

Without identifying any specific statements, Fisher contends that Cooke's affidavit is conclusory. Cooke stated in his affidavit that the Option Agreement was not fully executed because Fisher never signed it and that Fisher and Kelly never paid the consideration, approximately $100,000, required by the agreement. Fisher asserts on appeal that she paid the consideration for the Option Agreement, but it was her burden to file summary judgment evidence of that fact in order to create a genuine issue of fact. She failed to do so because she never filed any summary judgment evidence in response to the motion for partial summary judgment. While she points to certain documents attached as exhibits to other motions filed in the case, none of those documents were authenticated and filed in response to the motion for partial summary judgment as required by Rule 166a(c). TEX. R. CIV. P. 166a(c). We conclude that Cooke's affidavit was not conclusory.

Fisher argues on appeal that Cooke's affidavit was not clear, positive, direct or free from contradiction as required for an interested witness. *See* TEX. R. CIV. P. 166a(c). This is an objection to the form of a summary judgment affidavit and must be raised in the trial court in order to give the opposing party an opportunity to amend. *See Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.). Failure to raise the objection and obtain a ruling in the trial court results in waiver of the objection. *Id*.; *see also* TEX. R. APP. P. 33.1(a); *Choctaw Prop., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.) (holding objection that affidavit of interested witness is not clear, positive, direct, or free from contradiction is defect-in-form complaint).

Next, Fisher contends Cooke should be judicially estopped because of statements he allegedly made about the Property in prior litigation with a third party. Fisher raised this as an affirmative defense in her original answer and counterclaim. However, she did not raise it or produce evidence on all elements of the defense in response to the motion for partial summary judgment. In order to defeat a motion for summary judgment based on an affirmative defense, a non-movant must produce summary judgment evidence raising a genuine issue of material fact on all elements of the affirmative defense. *See Brownlee*, 665 S.W.2d at 112; *Birenbaum*, 971 S.W.2d at 504. Fisher failed to meet her burden to raise a fact issue on her judicial estoppel defense.

Lastly, Fisher asserts she has standing on behalf of the Trust to assert rights under the Option Agreement. However, the Trust's rights, if any, under the Option Agreement were defeated in the no-evidence summary judgment. Fisher does not challenge the striking of Jonathan's affidavit filed in response to the no-evidence motion for summary judgment. Without evidence raising a fact issue on the challenged elements of the Trust's claims, the trial court was required to grant summary judgment. *See* TEX. R. CIV. P. 166(i); *Tarver v. 4441 Alma Rd., LLC*, No. 05-20-00707-CV, 2022 WL 1564547, at *3 (Tex. App.—Dallas May 18, 2022, no pet. h.). As a result, any claim the Trust—or Fisher—had under the Option Agreement was barred by that judgment. Thus, even if Fisher has standing to appeal the no-evidence summary judgment, she has failed to show the trial court erred by granting it.

We overrule Fisher's fourth, fifth, sixth, and ninth issues.

### D. Sanctions

In her third issue, Fisher argues the trial court abused its discretion by striking her counterclaims as a sanction. She argues her counterclaim and amended counterclaim did not violate the temporary injunction. She points to a statement at the temporary injunction hearing where the parties agreed that filing for relief with the court would not violate the court's order in the temporary injunction. However, it does not appear from the record that this issue was ever presented to the trial court. *See* TEX. R. APP. P. 33.1(a) (requirements for preserving error).

Further, we conclude that any error in striking the counterclaims as a sanction was harmless because they were filed within seven days of or after the partial summary judgment hearing without leave of court. *See* TEX. R. CIV. P. 63, 166a(c). Fisher filed her answer and counterclaims three days before the hearing on the motion for partial summary judgment. She did not seek or obtain leave of court to file the pleading within seven days of the summary judgment hearing, which is a trial for purposes of Rule 63. *See* TEX. R. CIV. P. 63. Nor did she seek or obtain leave of court to file her amended counterclaim after the trial court granted the motion for partial summary judgment. Thus, even if it was an abuse of discretion to strike the counterclaims as a sanction, any error was harmless. *See Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 WL 6839568, at *14 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op.) (holding trial court did not abuse its discretion by striking amended counterclaim filed morning of summary judgment hearing without leave of court); *Nairn v. Killeen Ind. Sch. Dist.*, 366 S.W.3d 229, 249 (Tex. App.—El Paso 2012, no pet.) (finding no abuse of discretion after trial court struck appellant's petition for not seeking leave after a trial court's ruling on a motion for partial summary judgment); *Cherry v. McCall*, 138 S.W.3d 35, 42–43 (Tex. App.—San Antonio 2004, pet. denied) (upholding a trial court's striking of appellant's amended pleadings that added causes of action after a hearing and order on a take-nothing partial summary judgment).

We overrule Fisher's third issue.

### E. Remaining issues

In her seventh issue, Fisher complains that the trial court erred by failing to rule on her motion to reconsider the temporary restraining order and her motion for rehearing regarding the motion for sanctions. However, by rendering a final judgment expressly stating that the judgment is "final, disposes of all issues and all parties, and is appealable," the trial court impliedly denied these motions. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Further, Fisher failed to bring forward a record of the motion and hearing regarding the temporary restraining order and that order is now moot. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam) (stating that burden is on appellant to present sufficient record to show error requiring reversal). We overrule Fisher's seventh issue.

In issues eight and ten, Fisher complains about the trial court granting two motions for continuance filed by Cooke. She argues the motions were supported by false affidavits or no affidavits. However, Fisher has not shown how the trial court abused its discretion or how the granting of the continuances probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a). We overrule issues eight and ten.

In her eleventh issue, Fisher argues the award of attorney's fees to Cooke under the declaratory judgment act was not equitable and just. *See* TEX. CIV. PRAC. & REM. CODE § 37.009. Other than her complaints about the trial court's rulings,

which we have addressed, she does not show how or why the trial court abused its discretion by awarding fees to Cooke. We overrule Fisher's eleventh issue.

## Conclusion

Having overruled Fisher's issues on appeal, we affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210243f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

COLLEEN MARIE FISHER,
Appellant

No. 05-21-00243-CV      V.

PAUL M. COOKE, SR., Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-05882.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PAUL M. COOKE, SR. recover his costs of this appeal from appellant COLLEEN MARIE FISHER.

Judgment entered this 22nd day of August, 2022.