## D. Y. PORTIS AND WIFE V. S. A. CUMMINGS.

It appears that the estate had been administered by the sale of the personalty and the payment of the debts, and the administration nearly, if not quite completed in 1841. Nothing, indeed, appears to have been necessary to complete the administration, but a final settlement and discharge of the administratrix. Though such settlement and discharge are not shown, yet upon the authority of Murphy v. Menard, lately decided, and other decisions there referred to, it must be held that the administration had been closed, and the administratrix finally discharged, before she was called by the appellee to account, as administratrix, in the Probate Court, in November, 1848.

Where an administration has been closed and the administrator discharged, or where such is the legal presumption from lapse of time, the heir, on arriving at full age, cannot call on the administrator to account in the Probate Court; his remedy is in the District Court.

Appeal from Austin. Administration upon the estate of John Cummings was obtained by the party appellant, in 1839. The personal property of the estate appears to have been sold for cash, by order of the Court in October, 1840; and the administratrix then obtained an order giving her until the December Term thereafter to render an account of her acts in the administration of the estate. In January, 1841, she was cited to render an account of her administration to the Probate Court. And in the following February she did render an ac-

count, showing the payment of debts of the estate, and a bal-
ance in the hands of the administratrix ; which account was
admitted and recorded.    This was the last act which is shown
to have been done by the administratrix in the matter of the
succession.    There is in the record no evidence of a final set-
tlement, and discharge from the administration.    She was cited
by the appellee as heir of her intestate, to account in the Pro-
bate Court in November, 1849.    The appellee arrived at full
age in August, 1848.

*Webb, Franklin and Sayles,* for appellants.

*J. B. & G. A. Jones,* for appellee.

WHEELER, J.    It appears that the estate had been adminis-
tered, by the sale of the personalty, and the payment of the
debts ; and the administration nearly, if not quite completed in
February, 1841.    Nothing indeed appears to have been neces-
sary to complete the administration, but a final settlement and
discharge of the administratrix.    Though such settlement and
discharge are not shown, yet upon the authority of Murphy v.
Menard, lately decided (*supra*) and other decisions there refer-
red to, in the absence of anything appearing to the contrary, it
must be held the legal presumption, that the administration had
been closed, and the administratrix finally discharged, before
she was called by the appellee to account, as administratrix, in
the Probate Court, in November, 1848, nearly eight years after
her last official act in the matter of the succession.    *Prima
facie,* the presumption must be, that her official connection with
the succession, in the character of administratrix, had been de-
termined before that time ; and if so, the Probate Court had
not jurisdiction of the case, and the party must have sought his
remedy in the District Court.    (Ingram v. Maynard, 6 Tex. R.
130.)    If the administration had not been closed, and the ad-
ministratrix was still acting in that capacity, the fact ought to

Portis v. Cummings.

have been shown to counteract the presumption arising from the circumstances of the case, and the lapse of time ; and the burden of showing the fact to be so, was with the appellee ; for the legal presumption to the contrary, and of the consequent want of jurisdiction in the Probate Court, was with the appellants, who were not required to show what the law will presume. The judgment, therefore, appearing to have been rendered by the Probate Court in a case of which that Court had not jurisdiction, must be reversed, and the cause remanded, in order that if the facts necessary to give the Court jurisdiction, did exist, the party asserting the jurisdiction of the Court, may have the opportunity afforded of making it appear. The judgment is reversed and the cause remanded.

March 5th, 1855.

A majority of the Court being of opinion that the case be not remanded, but dismissed from the Probate Court, the judgment rendered upon a former day of the Term, remanding the case, is accordingly set aside and the cause dismissed.

March 7th, 1855.

Reversed and dismissed.