19-3977-cv
Bank v. U.S. Dep't of Treasury

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-one.

PRESENT:
> **JON O. NEWMAN,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

---

**TODD C. BANK,**
> *Plaintiff-Appellant,*

v.                                                                    19-3977

**UNITED STATES DEPARTMENT OF THE TREASURY; JANET L. YELLEN, in her official capacity as Secretary of the United States Department of the Treasury,**
> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APELLANT:** | Todd C. Bank, pro se, Kew Gardens, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Brian M. Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice; Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, |

NY; Mark B. Stern, Alisa B. Klein, Civil Division, United States Department of Justice.

Appeal from an order of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Todd C. Bank, an attorney proceeding pro se, sued the U.S. Department of the Treasury and the Secretary of the Treasury,[1] claiming that the federal government does not have the constitutional power to require citizens to pay a tax if they did not maintain minimum essential healthcare coverage as mandated under 26 U.S.C. § 5000A, a provision of the Patient Protection and Affordable Care Act ("ACA"). Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. The district court held that Bank lacked standing because he had maintained essential healthcare coverage at all relevant times, meaning that he had never been subject to the tax, and he thus suffered no legally cognizable injury. Bank appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Statutory Overview**

Section 5000A of the ACA, commonly known as the "individual mandate," requires non-exempt individuals either to have a minimum level of healthcare coverage ("essential coverage")

---

[1] In July 2021, Bank's motion requesting that the U.S. Department of Health & Human Services ("HHS") and the Secretary of HHS be dismissed from his appeal was granted.

or to pay a tax penalty, called the "shared responsibility payment."[2]  26 U.S.C. § 5000A(a)-(b). For tax years 2017 and 2018, the Internal Revenue Service ("IRS") required taxpayers to indicate their coverage status—whether they had essential coverage, qualified for an exemption, or would pay the shared responsibility payment—on Form 1040 of their federal return.  *See* IRS, *Individual Shared Responsibility Provision*, https://www.irs.gov/affordable-care-act/individuals-and-families/individual-shared-responsibility-provision (last updated June 26, 2021).  The IRS stated that it would "not accept the electronic tax return" until coverage status is disclosed, and paper returns without the disclosure "may be suspended pending the receipt of additional information and any refunds may be delayed."  *See* IRS, *ACA Information Center for Tax Professionals*, https://www.irs.gov/tax-professionals/aca-information-center-for-tax-professionals (last updated Feb. 25, 2021).

## II.    Discussion

We review de novo the district court's grant of a motion to dismiss for lack of subject matter jurisdiction.  *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).  When a challenge to standing is brought under Federal Rule of Civil Procedure 12(b)(1) and is based solely on the pleadings, we accept as true all factual allegations in the complaint.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016).  In addition, we "may consider [for standing] . . . any matters of which judicial notice may be taken," *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995), including publicly available materials, *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).  Although pro se litigants are generally entitled to special solicitude, Bank is not because he is an attorney.  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

---

[2] Effective January 1, 2019, the amount of the shared responsibility payment became zero.  *See* Pub. L. No. 115-97, § 11081, 131 Stat. 2054, 2092 (2017).

Article III standing requires a plaintiff to establish that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 339 (citation omitted). Generally, a plaintiff who bases standing on a risk of future harm must demonstrate that the "risk of harm is sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021). When the risk of future harm is the threat of government enforcement of "criminal or civil punitive statutes," however, a "more permissive" standard is applicable, and injury may be established "when enforcement is a realistic danger, when there is a credible threat of prosecution, or when a plaintiff has an actual and well-founded fear of such enforcement." *Hedges v. Obama*, 724 F.3d 170, 196, 200 (2d Cir. 2013) (cleaned up). "In the absence of contemporary enforcement, . . . a plaintiff claiming standing must show that the likelihood of future enforcement is 'substantial.'" *California v. Texas*, 141 S. Ct. 2104, 2114 (2021) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014)).

Bank has not demonstrated that he suffered an injury in fact. His allegation that the IRS would "reasonably likely impose late fees and penalties against [him]" because he declined to indicate his coverage status on his 2017 tax return is speculative and thus does not suffice to show injury.[3] Bank had essential coverage in 2017 and failed to allege how he would be penalized for

---

[3] In his initial brief, Bank argued that he had standing because he wished to discontinue his coverage but the individual mandate prohibited him from doing so, even though Congress had reduced the amount of the shared responsibility payment to zero. After the Supreme Court rejected an identical standing argument in *California v. Texas*, 141 S. Ct. 2104 (2021), Bank withdrew that argument and filed a corrected brief relying for his standing argument solely on the risk that he would be sanctioned for failing to disclose his coverage status.

not disclosing that coverage. Specifically, Bank did not allege whether he would file an electronic return, which the IRS stated it would not accept, or a paper return, which the IRS stated "*may* be suspended pending the receipt of additional information and any refunds *may* be delayed." *See* IRS, *ACA Information Center for Tax Professionals*, *supra* (emphasis added). Bank's omission leaves unclear which risk of future harm Bank supposedly faced. Even if Bank faced the ostensibly less speculative risk by submitting an electronic return, IRS procedures state that IRS agents would search for alternative documentation of coverage in order to complete the return and, if they found such documentation, would clear the form for processing.[4] *See* IRS, *Internal Revenue Manuals* § 3.12.3.15.1.5. The IRS requires coverage disclosures not only from individuals, but also from all healthcare providers, healthcare exchanges, and employers. *See* 26 U.S.C. §§ 36B(f)(3), 6055(b)(2); 26 C.F.R. §§ 1.36B-5(a), 1.6055-1(c). Because Bank had coverage for the 2017 tax year, his provider, an exchange, or his employer (if he had one) would have submitted proof of his coverage to the IRS. Thus, Bank's filing presumably would have been cleared for processing even if he chose not to indicate his coverage status, so his asserted injury is conjectural or hypothetical.

In any event, Bank failed to allege information about potential late fees or penalties by the IRS that would make the possibility of enforcement a realistic danger or credible threat sufficient to confer standing. *See Hedges*, 724 F.3d at 200. The IRS's public statement informing taxpayers of the coverage status disclosure requirement does not state that they would be subject

---

[4] When an IRS agent sees a tax return without an indication of coverage status, the agent is instructed (1) to check other attached documents that might indicate coverage, (2) to correspond with the taxpayer, and (3) if there is no response from the taxpayer, to research coverage based on disclosures by exchanges, providers, or employers. *See* IRS, *Internal Revenue Manuals* §§ 3.12.3.15.1.3(8), 3.12.3.15.1.3(11), 3.12.3.15.1.5(3). If coverage is found through other disclosures, the IRS agent enters that information and clears the form for processing. *See* IRS, *Internal Revenue Manuals* § 3.12.3.15.1.5(3).

to any penalties or fees for failing to make the disclosure. Bank's vague allegation that he would be subject to "late fees and penalties" is unsupported by any statute, regulation, or even informal statement indicating that he would be subject to such monetary penalties due to his noncompliance with the disclosure requirement.[5] Bank thus fails to demonstrate a credible threat of enforcement.

We have considered all of Bank's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Bank argued in his opposition to Defendants' motion to dismiss that the IRS might penalize him under 26 U.S.C. § 6651, but that provision is inapposite because it addresses penalties for failure to file or the failure to pay taxes owed.